IDA E. HOGUE,

ADMINISTRATRIX OF THE ESTATE OF DOROTHY IDA CONNORS

*vs.*

LUCIEN ROBERGE.

York.     Opinion, June 12, 1946.

*Varney & Fuller*, for plaintiff.

*Hilary F. Mahaney*, for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMPKINS, FELLOWS, JJ.

FELLOWS, J. This case brought by Ida E. Hogue as administratrix of the estate of Dorothy Ida Connors against Lucien

Roberge involves the validity of a declaration in an action for negligence under the "Death Liability Statutes." It comes before the Court on defendant's exceptions to the overruling of his demurrer.

The declaration is in two counts. The first count states that on February 7, 1945 Dorothy Ida Connors, twenty-four years of age, was walking upon a public way in Sanford, immediately following a heavy snow storm, as the sidewalks were not then plowed; that she was negligently struck by an automobile driven by the defendant, and "that as a result of said careless, negligent and unlawful operation of said automobile, the plaintiff's intestate was struck and run over, inflicting serious and painful injuries upon her body, from which she languished and died on the 14th day of February 1945, and your plaintiff further says that she left as her only heir her mother, the plaintiff, Ida E. Hogue of Sanford, Maine; that at the time of her death she was living at the house of her mother; was working and contributing largely to her mother's support; that because of her death, her mother, the said Ida E. Hogue, has lost financially the support from her said daughter, which she otherwise would have had for the remainder of her life."

The second count is similar to the first, with the exception that it contains the additional allegation "that during the time from the date of the accident, February 7th, to the time of her death, February 14th, she suffered excruciating pain and mental anguish, all caused by the negligence of the defendant, as aforesaid, and for which your plaintiff seeks compensation under the provisions of Section 11 of Chapter 152 of the Revised Statutes of Maine." There was no separate count to recover for the death following the conscious suffering.

The defendant demurred generally to the declaration and specially as to the first count, assigning as a cause for demurrer that "defendant is not informed by the declaration whether it is an immediate death or a common law action." The demurrer was overruled, and the plaintiff allowed to amend the first count, by

striking out the word "languished," to all of which the defendant filed exceptions.

Sections 9 and 10 of Chapter 152 of the Revised Statutes of 1944, commonly referred to as the "Lord Campbell Act," allows a suit in the name of the personal representative of a deceased person for the exclusive benefit of certain specified dependents or heirs, to recover not exceeding $10,000 (and medical and funeral expenses), for wrongful and negligent act causing immediate death, or death without conscious suffering. These Secs. 9 and 10 of Chap. 152, R. S. 1944, were enacted to provide for a right of action for death, because no money recovery was permitted for a death at the common law, *Ames* v. *Adams*, 128 Me., 174. In order to bring an action under Secs. 9 and 10 it must therefore be alleged in the declaration, or appear by inference, that there was no conscious suffering. It is a statutory action to recover for the death only. *Sawyer* v. *Perry*, 88 Me., 42; *Anderson* v. *Wetter*, 103 Me., 257; *Conley* v. *Portland Gas Light Co.*, 96 Me., 281; *Carrigan* v. *Stillwell*, 97 Me., 247; *Frank C. Perkins, Adm'r* v. *Oxford Paper Co.*, 104 Me., 109; and the writ must show for whose benefit the action is brought. *Hammond* v. *Lewiston Street Railway*, 106 Me., 209.

The Lord Campbell Act, passed in England in 1846, became a law in Maine in 1891; so that the right to recover in a death negligence case was then limited to two types of actions, (1) at common law to recover for the conscious suffering, if there was any conscious suffering, and (2) to recover under the statute, for the death itself, if the death was immediate. *Perkins* v. *Paper Co.*, 104 Me., 109, 113. There was at that time no right at common law, or by statute, to recover compensation for death if any conscious suffering existed between the time of injury and the time of death. This situation continued in Maine until the year 1943.

In 1943 the legislature enacted a new section to permit a recovery for death through wrongful or negligent act, following conscious suffering, "in addition to the action at common law," and in "a separate count in the same action." The amount re-

covered for death is to be "separately found," and for the same beneficiaries as in Section 10. See P. L. 1943, Chap. 346; R. S. 1944, Chap. 152, Sec. 11.

The plaintiff states in her brief, and through counsel in argument, that she brought the first count under Secs. 9 and 10 of Chap. 152 of the R. S., to recover for immediate death, for the benefit of the mother of decedent; and that her second count, was brought for the same beneficiary under the new Sec. 11 of Chap. 152.

The defendant by his demurrer admits facts alleged, and claims that the counts, and each of them, are insufficient to maintain these statutory actions. The question for decision is whether the Court properly overruled the demurrer.

The first count alleges that the injuries to the plaintiff's intestate were received on February 7, 1945, and that she died because of these injuries a week later; that the injuries were "serious and painful" and that she "languished and died on the 14th day of February 1945." Nowhere does it appear by direct averment, or by inference, that the death was immediate or that there was no conscious suffering. In fact the inferences are strongly to the contrary. It appears to us that this describes an action at common law to recover damages for suffering, and as such, it should be for the benefit of decedent's estate. *Anderson* v. *Wetter*, 103 Me., 257.

The proposed amendment to the first count by striking out the word "languished" would not as we view it, change its effect or meaning. *Conley* v. *Gas Light Co.*, 96 Me., 281; *Anderson* v. *Wetter*, 103 Me., 257. It is alleged in this first count that Ida E. Hogue was the decedent's mother and was receiving support. The action is brought for her benefit as mother, and as the only heir of Dorothy Ida Connors. The first count, therefore, describes the cause of action at common law for conscious suffering, and seeks compensation in the same common law count for a beneficiary who is only entitled to receive under another and statutory form of action. The count is demurrable. *Conley* v. *Gas Light Co.*, 96 Me., 281.

In the second count the plaintiff directly avers the death and that decedent "suffered excruciating pain," and also alleges that "plaintiff seeks compensation under the provisions of Section 11 of Chapter 152 of the Revised Statutes." In other words, the plaintiff seeks to recover, under this second count, damages for the suffering and damages for the death. This single count does not permit a recovery for the suffering and for the death. There is no separate count for such death. Damages for a wrongful or negligent death, following a period of conscious suffering, may only be recovered, under the specific terms of the statute in "a separate count in the same action," R. S. 1944, Chap. 152, Sec. 11. The reason for this demand of the statute, that a separate count be inserted, is to enable the jury to find the amount due for the conscious suffering and to separately find the amount due for the death. Damages for conscious suffering are recoverable by decedent's estate; and damages for the death, following the conscious suffering, belong to the statutory beneficiaries classified in R. S. 1944, Chap. 152, Sec. 10. This count also is subject to demurrer.

Only one action is necessary, under Section 11, in order to recover for conscious suffering and for the death following, but there must be at least two counts. There must be "a separate count in the same action for such death" is the express command of the legislature as contained in the eleventh section.

Because of our conclusions, we are not called upon to decide whether there must be separate actions under Secs. 9 and 11 of Chap. 152, R. S. 1944, or whether it is permissible to join an action for immediate death without conscious suffering (Section 9), with the action for death *and* conscious suffering (Section 11), as the plaintiff insists she attempted in this case.

The declaration, in an action involving negligence, is often hastily drawn before the case is fully understood, and the plaintiff in her brief suggests that "a rule of law sustaining a demurrer for inconsistent pleading is both unjust and hard, since often the pleader cannot tell and does not know which plea he will be able to prove until later on in the trial." That it is difficult to foresee

what may develop in a trial, has been long recognized, and as a result great liberality has been shown through the allowance of amendments, at almost every stage of court proceedings; but there is an equal injustice and equal hardship to the opposing party, if he must engage in a struggle where there is not some regularity or some limit.

It is but ordinary justice to insist that a legal privilege or legal benefit shall be granted to a person when, and only when, he fairly shows himself to be entitled to it.

*Exceptions sustained.*
*Demurrer sustained.*