1997 ME 24

**Ronald J. BROWN**

v.

**MAINE STATE EMPLOYEES ASSOCIATION.**

**Docket No. HAN–96–456.**

Supreme Judicial Court of Maine.

Argued Dec. 3, 1996.
Decided Feb. 14, 1997.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for plaintiff.

Jeffrey Neil Young (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for defendant.

Before: WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Ronald Brown appeals from a judgment entered in the Superior Court (Hancock County, *Mead, J.*) dismissing his complaint against the Maine State Employees Association (MSEA) seeking to recover for his damages flowing from the alleged negligent failure on the part of an attorney for the union to file in a timely manner a demand for arbitration of Brown's grievance with the Maine Labor Relations Board. On appeal, Brown contends, *inter alia*, that he has pleaded a viable cause of action and that the court erred in dismissing his complaint for the failure to state a claim on which relief may be granted. Unpersuaded by Brown's contentions, we affirm the judgment.

[¶ 2] Brown worked as the director of the psychology department at the Bangor Mental Health Institute from 1989 until 1993. In October 1993, Brown was the subject of a disciplinary action and, following that action, was reprimanded, suspended, and demoted. Brown subsequently began a grievance pursuant to a procedure that existed in the

collective bargaining agreement between the State of Maine and the MSEA. The MSEA provided an attorney to work on Brown's grievance. At an intermediate step of the procedure, the Bureau of Employee Relations issued a decision denying Brown's grievance. The attorney failed to timely file a request to move forward to arbitration, the next step in the grievance process, and as a result, Brown's grievance was dismissed.

[¶ 3] On February 20, 1996, without filing a complaint with the Board regarding the attorney's conduct, Brown filed suit in the Superior Court against the MSEA and the lawyer alleging they had committed professional malpractice by failing to file in a timely fashion the demand for arbitration. Brown amended the complaint to add a second count alleging that the union had breached its duty of fair representation. Subsequently, Brown and the MSEA stipulated to a dismissal of the lawyer from the suit.[1]

[¶ 4] After a hearing, the court granted the MSEA's motion to dismiss both counts. The court concluded that Count I should be dismissed because "no independent tort for professional (legal) negligence exists where an employee of a union commits a negligent act in the representation of an employee pursuant to a collective bargaining agreement." The court declined to exercise concurrent jurisdiction with the Board over Count II, alleging a breach of the duty of fair representation, and in any event, found that it was time barred by the six-month statute of limitations for filing a complaint with the Board as provided in the State Employees Labor Relations Act, 26 M.R.S.A. §§ 979 to 979-Q (1988 & Supp.1996). Brown's appeal followed.

[¶ 5] A motion to dismiss tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me.1995). We review a judgment granting a motion to dismiss by treating the material allegations of the complaint as true and examining the complaint in the light most "favorable to the plaintiff to determine whether it alleges the elements of a cause of action against the defendant or alleges facts that could entitle the plaintiff to relief under some legal theory[.]" *Id.* (citing *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 99 (Me.1984)).

[¶ 6] The relationships among the employee, the public employer, and the union are governed by the statutory scheme set out in the State Employees Labor Relations Act, 26 M.R.S.A. §§ 979 to 979-Q (1988 & Supp. 1996). The Legislature has granted the Board jurisdiction over both the employer and the union to remedy prohibited practices. 26 M.R.S.A. § 979-H(1) (1988). A complainant must file a prohibited practices complaint with the executive director of the Board no later than six months after its alleged occurrence. 26 M.R.S.A. § 979-H(2) (1988). Prohibited practices include prohibiting a union from "[i]nterfering with, restraining or coercing employees in the exercise of the rights guaranteed in section 979-B . . . ." 26 M.R.S.A. § 979-C(2)(A).[2]

[¶ 7] We have said that a union commits a prohibited practice by breaching its statutory duty to fairly represent its members. *Lundrigan v. Maine Labor Relations Board*, 482 A.2d 834 (Me.1984). In *Lundrigan*, we concluded that a union breaches its "duty of fair representation" when

the union's conduct toward its members [is] arbitrary, discriminatory or in bad faith. Thus, the union may not ignore a

---

1. This dismissal is consistent with the generally accepted principle that union agents, including lawyers, are not personally liable to individual members for actions taken on behalf of the union during the collective bargaining process. *See Breda v. Scott*, 1 F.3d 908 (9th Cir.1993); *Montplaisir v. Leighton*, 875 F.2d 1 (1st Cir.1989); *see generally Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247–49, 82 S.Ct. 1318, 1324–25, 8 L.Ed.2d 462 (1962) (immunity generally for union agents).

2. Section 979-B provides:

**§ 979-B. Right of state employees to join labor organizations**

No one shall directly or indirectly interfere with, intimidate, restrain, coerce or discriminate against state employees or a group of state employees in the free exercise of their rights, hereby given, voluntary to join, form and participate in the activities of organizations of their own choosing for the purposes of representation and collective bargaining, or in the free exercise of any other right under this chapter.

meritorious grievance or process it in a perfunctory manner. Nevertheless, a "[w]ide range of reasonableness must be allowed" and "[m]ere negligence, poor judgment or ineptitude are insufficient to establish a breach of the duty of fair representation."

*Id.* at 836. (citations omitted); *see Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). "Freeing a union from liability for ordinary acts of negligence in the performance of its representational responsibilities requiring judgment on its part, reflects a balance of the union's organizational interest against the individual interests of its members." *Peterson v. Kennedy,* 771 F.2d 1244, 1255 (9th Cir.1985). In *Vaca,* the United States Supreme Court stated that "[u]nder [the duty of fair representation], the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any...." 386 U.S. at 177, 87 S.Ct. at 910.

■ [¶ 8] Once the Board finds a prohibited practice, it "shall issue and cause to be served upon such party an order requiring such party to cease and desist from such prohibited practice and *to take such affirmative action, including reinstatement of employees with or without backpay, as will effectuate the policies of this chapter.*" 26 M.R.S.A. § 979–H(3) (emphasis added). The Board's remedial powers are exercised in an attempt to restore " 'the situation, as nearly as possible, to that which would have been obtained' but for the unfair labor practice." *Caribou School Dep't v. Caribou Teachers Ass'n,* 402 A.2d 1279, 1284 (Me.1979) (cita-

tions omitted). In the context of the analogous and nearly identical Municipal Public Employees Labor Relations Act, 26 M.R.S.A. §§ 961–974 (1988 & Supp.1996), we have concluded that "[t]he Board has broad discretion in fashioning appropriate relief for the employer's prohibited practices...." *City of Bangor v. American Fed'n of State, County, and Mun. Employees Council 74,* 449 A.2d 1129, 1136 (Me.1982); *see also Council 74, American Fed'n of State, County and Mun. Employees v. Maine State Employees Ass'n,* 476 A.2d 699, 704 (Me.1984) (Board ordered new election); *Association of Indep. Prof'ls v. Maine Labor Relations Bd.,* 465 A.2d 401, 411 (Me.1983) (suggesting that proper remedy for distribution of false and misleading information to members is for the association to circulate an ameliorative notice.).

■ [¶ 9] In light of this comprehensive statutory scheme, we disagree that Brown additionally was entitled to a common law action in the Superior Court. The Act creates and defines the rights of a public employee against the employer and the union in the formation and exercise of collective bargaining agreements, and Brown must look to the provisions of that Act for his remedy.[3] Brown could have filed a prohibited practices complaint against the union alleging a breach of the duty of fair representation.[4] Brown also could have named the employer in his prohibited practices complaint, and that inclusion would have enabled the Board, if it found a wrong, to attempt to provide a remedy. Accordingly, we decline to recognize a common law action for the professional negligence of the union in addition to the right created by the statute.[5]

---

**3.** Brown's rights arise from the creation of the Act. Absent the existing statutory scheme or some binding contract, Brown would have been a employee at will.

**4.** Brown filed his complaint in the Superior Court on February 20, 1996, eight months after an arbitrator dismissed his grievance as not timely filed. Thus, as of February 20, he was time-barred from filing a prohibited practices complaint with the Board.

**5.** Upholding the uniformity of the statutory scheme compels this result. The Act was created "to promote the improvement of the relationship between the State of Maine and its employees *by*

*providing a uniform basis for recognizing the right of state employees to join labor organizations of their own choosing and to be represented by such organizations in collective bargaining for terms and conditions of employment."* 26 M.R.S.A. 979 (1988). The creation of a common law cause of action for negligence by the union undermines that purpose. For the same reasons, we conclude that the court correctly declined to exercise concurrent jurisdiction over Count II. The Act expressly provides for Superior Court review of a Board decision or order *on appeal.* 26 M.R.S.A. § 979–H(7) (Supp.1996). Moreover, 26 M.R.S.A. § 979–H(6) (1988), allows a party making a prohibited practices complaint simultaneously to seek injunctive relief in the courts for blacklisting

[¶ 10] Brown's labeling of his claim as one for attorney malpractice does not alter this conclusion and does not accurately describe the underlying, alleged wrong. Although, in fact, the union provided an attorney in this case, Brown did not enter into an attorney-client relationship with that lawyer. The choice to use a lawyer as opposed to another union worker to process Brown's grievance was the union's decision. In *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir.1985), the Ninth Circuit Court of Appeals detailed the relationship between the attorney, the grievant, and the union that exists in the present case:

> We recognize that there are cases in which an attorney represents the union in an arbitration proceeding, but the underlying grievance belongs to a particular union member who has a very real interest in the manner in which the grievance is processed ... Nevertheless, when the union is providing the services, it is the union, rather than the individual business agent or attorney, that represents and is ultimately responsible to the member.

*Id.* at 1258. Brown could not fire the union lawyer nor control his actions, and the attorney's status as such was incidental to the services he performed to process Brown's grievance. In the absence of an attorney-client relationship, the professional negligence claim against the union fails as a matter of law. *See Fisherman's Wharf Assocs. II v. Verrill & Dana*, 645 A.2d 1133, 1136 (Me.1994) (citing *Rowe v. Bennett*, 514 A.2d 802, 804 (Me.1986)).

[¶ 11] The essence of Brown's claim is that the union did not fairly represent him because it negligently missed a filing deadline that resulted in the extinguishment of Brown's grievance. That failure is covered within the contours of the statutory duty of fair representation.[6] Brown should have filed a prohibited practices complaint with

the Board, and Brown's failure to do so in this case forecloses any remedy that he otherwise might have had.

[¶ 12] The entry is:

Judgment affirmed.

---

or an employee's engagement in a work stoppage, slowdown, or strike. 26 M.R.S.A. § 979–H(6) (1988). Inferring from these statutes, and in the furtherance of the interest in uniformity, we conclude that the exclusive jurisdiction for the breach of the duty of fair representation lies with the Board.

6. Because Brown could have had a remedy before the Board, the Superior Court's decision did not, as a matter of law, deprive him of a remedy for a wrong committed against him. Me. Const. art. I § 19; *see Mathieu v. Bath Iron Works*, 667 A.2d 862, 866 (Me.1995) (worker had remedy under Workers' Compensation Act).