1997 ME 152

**David MILLER**

v.

**MAINE TEACHERS ASSOCIATION et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 26, 1997.

Decided July 18, 1997.

Grover G. Alexander, Gray, for plaintiff.

Margaret T. Johnson, Presque Isle, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] David Miller appeals from the judgment entered in the Superior Court (Penobscot County, *Marden, J.*) granting the motion of the Maine Teachers Association and Margo Lister, President of the Clerical, Office, Laboratory and Technical Unit at the University of Maine (collectively MTA), to dismiss his complaint against MTA seeking damages for the alleged breach of the duty of fair representation and the intentional infliction of emotional distress. Miller contends the court erred by determining that the Maine Labor Relations Board (the Board) has exclusive original jurisdiction to hear this action. Because we conclude that the trial court has jurisdiction over Miller's claim for the intentional infliction of emotional distress, we vacate the court's dismissal of that claim.

[¶ 2] Miller alleges the following facts in his complaint: Beginning in 1969, Miller became a full-time employee of the University of Maine. At all relevant times Miller was a member of MTA. Following an April 1983 reduction of his employment status to part-time, he initiated a grievance pursuant to the procedure contained within the collective bargaining agreement between MTA and the University of Maine. In May 1984, pursuant to the terms of the collective bargaining agreement, MTA filed a Step 3 request for a review of Miller's grievance that was denied. MTA agreed to take the grievance to arbitration and notified the University accordingly. On August 25, 1984, after reconsideration by MTA, it withdrew the grievance from the arbitration procedure.

[¶ 3] Seeking both compensatory and punitive damages, Miller alleges as Count I of his complaint that by withdrawing his complaint from arbitration, MTA acted "arbitrarily," "maliciously" and in "bad faith" and breached its duty to represent him pursuant to the collective bargaining agreement. In Count II Miller alleges that the conduct of MTA caused him "severe emotional distress; and the conduct was intentional."

[¶ 4] After a hearing on MTA's motion to dismiss the complaint on the ground that the Board has exclusive jurisdiction to hear actions alleging misconduct by a bargaining agent toward a member of the bargaining unit, the court granted MTA's motion. From the judgment entered accordingly, Miller appeals.

[¶ 5] Miller contends the trial court erred by dismissing his complaint. "When reviewing a motion to dismiss, we assume that all the facts as alleged in the complaint are true." *Webb v. Haas,* 665 A.2d 1005, 1009 (Me.1995). "We examine the complaint in the light most favorable to [Miller] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle [Miller] to relief pursuant to some legal theory." *J.R.M., Inc. v. City of Portland,* 669 A.2d 159, 161 (Me.1995).

[¶ 6] The relationships between Miller, MTA and the University are governed by the University of Maine System Labor Relations Act, 26 M.R.S.A. §§ 1021–1035 (1988 & Supp.1996). Pursuant to section 1027(2), MTA, as the bargaining agent for Miller, is "prohibited from ... [i]nterfering with, restraining or coercing employees in the exercise of the rights guaranteed in section 1023...." Section 1023 provides:

> No one may directly or indirectly interfere with, intimidate, restrain, coerce or discriminate against university ... employees ... in the free exercise of their rights, hereby given, voluntarily to join, form and participate in the activities of organizations of their own choosing for the purposes of representation and collective bargaining, or in the free exercise of any other right under this chapter.

The Act authorizes the Board to remedy prohibited acts. 26 M.R.S.A. § 1029 (Supp. 1996).

[¶ 7] Recently, in *Brown v. Maine State Employees Ass'n,* 690 A.2d 956 (Me.1997), in construing nearly identical language in the State Employees Labor Relations Act, we concluded that "the exclusive jurisdiction for breach of the duty of fair representation lies with the Board." *Id.* at 959–60 n. 5. We based our decision in part on the Board's "broad discretion in fashioning appropriate relief for the employer's prohibited practices...." *Id.* at 959 (quoting *City of Bangor v. American Fed'n of State, County, and*

*Mun. Employees Council 74,* 449 A.2d 1129, 1136 (Me.1982)). The analogous language of the University of Maine System Labor Relations Act compels the same result in this case.

[¶ 8] We agree with Miller, however, that *Brown* does not control the disposition of his claim for damages resulting from the intentional infliction of emotional distress. Miller's complaint alleges that MTA acted arbitrarily, maliciously and in bad faith when it withdrew its support of Miller's attempt to take his grievance to arbitration. He alleges that by these actions, MTA intentionally caused him great emotional distress.

[¶ 9] Unlike in the context of an alleged breach of duty of fair representation, the Board's broad discretion to fashion relief does not extend to tort remedies, including punitive damages, that may be available to Miller pursuant to his claim for the intentional infliction of emotional distress.[1] *See* 26 M.R.S.A. § 1029(3) (Board has authority to issue cease and desist order "and to take such affirmative action, including reinstatement of employees with or without back pay, as will effectuate the policies of this chapter."). Because the Board does not have the authority to resolve Miller's claim for emotional distress, that claim is not governed by the University of Maine System Labor Relations Act and is properly before the court. Accordingly, while we express no opinion as to the merits of Miller's claim, we conclude that the court erred by its dismissal of Count II of Miller's complaint seeking damages for the intentional infliction of emotional distress.

The entry is:

Judgment on Count I affirmed; judgment on Count II vacated. Remanded for further proceedings consistent with the opinion herein.

---

1. The plaintiff in *Brown* also alleged a tort (legal malpractice) against the Union. We did not address the Board's ability to afford the plaintiff a tort remedy because we concluded that: (1) as a matter of law, the complaint failed to state a claim on which relief could be granted; and (2) the "essence" of the malpractice claim was a breach of the duty to represent him and therefore was "covered within the contours of the statutory duty of fair representation." *Brown,* 690 A.2d at 960.