STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CIVIL ACTION
                                                  DOCKET NO.  AP-01-05
                                                  SKS - KEN - 7/12/2001


TROY LANGLEY
                Petitioner

V.                                                **DECISION  ON  APPEAL**

MAINE STATE EMPLOYEES ASSOCIATION
LOCAL 1989
                Respondent


       This matter comes on for review of final agency action
pursuant to applicable statute and Maine Rules of Civil Procedure
80C.  The action under review is the Decision and Order of the
Maine Labor Relations Board (Board) dated December 26, 2000 by
which it was ordered that Petitioner Troy Langley's complaint
against the Maine State Employees Association (MSEA) was
dismissed.  Finding no error of law, the appeal will be DENIED.

                              BACKGROUND

       Langley is a former employee of the Maine Department of
Transportation, who was terminated from his employment on June 23,
1999 for being unavailable for work for three consecutive days.
Langley had a history of frequent leaves of absence from work, but
the reason for his absence in June 1999 was his incarceration
following a guilty plea on criminal charges of assault and
violation of a condition of release.  Following his conviction,
but prior to his actual incarceration, Langley sought assistance
from his union, the MSEA, in an attempt to save his employment.
The MSEA representative spoke with Langley and his supervisors,
but ultimately advised Langley that there was nothing the union
could for him to save his job and that he might consider a
voluntary resignation.  Subsequently, Langley filed a prohibited
practice complaint before the Board alleging that the MSEA had
violated 26 M.R.S.A. §979-C (2)(A) by breaching its duty of fair
representation.

       The Board conducted a three day hearing and issued a 35 page

decision including 22 pages of findings of fact set forth in 57 numbered paragraphs. After considering the law applicable to these facts, the Board dismissed the complaint. That dismissal generated the present appeal.

DISCUSSION

When the decision of an administrative agency is appealed pursuant to Maine Rules of Civil Procedure 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law or findings not supported by the evidence. Centamore v. Department of Human Services, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Board of Examiners of Psychologists, 2000 ME 206, ¶9, 762 A.2d 551, 555. "Inconsistent evidence will not render an agency decision unsupported." Id.

Although Langley's recitation of the facts in his brief differs from the findings of the Board, he does not directly challenge the Board's findings on appeal. The Board's extensive findings are all supported by substantial evidence in the record and this is not the basis for the appeal.

Langley argues that the Board acted arbitrarily and committed legal error by ignoring case law circumscribing the duty of fair representation. It is essentially Langley's position that the Board applied a standard so high that a breach of the duty hardly ever could be found. Langley points out the dearth of Maine law examining the contours of a breach of the duty and then invites the Court's attention to four federal decisions from the second, eighth and ninth Circuit Courts of Appeal. The problem with the citations is that those cases all predate a more recent decision by the United States Supreme Court in O'Neill v. Airline Pilots Association, 499 U.S. 65, 111 Supreme Court 1127, 1130 (1991). This was a major problem with the Petitioner's argument before the Board, as pointed out on page 27 of the Board's decision, and it

2

remains the same major problem on appeal.

The rule applied by the Board is well established and has been stated as follows:

> A union breaches its duty of fair representation when a "union's conduct toward its members [is] arbitrary, discriminatory or in bad faith. Thus, the union may not ignore a meritorious grievance or process it in a perfunctory manner. Nevertheless, a wide range of reasonableness must be allowed and mere negligence, poor judgment or ineptitude are sufficient to establish a breach of the duty of fair representation." *Brown v. Maine State Employees Ass'n.*, 1997 ME 24, ¶7, 690 A.2d 956, 958 (citing *Lundrigan v. Maine Labor Relations Board*, 482 A.2d 834 (Me. 1984)

Using this rule was not an error law and application of the rule to the facts was not an abuse of discretion.

For the reasons state above, the entry will be: Appeal DENIED.

DATED: 7/12/01

S. Kirk Studstrup
Justice, Superior Court

Date Filed __1/10/01__ ___Kennebec___ Docket No. __ AP01-05__ _____
County

Action __Petition for Review__ **J. STUDSTRUP**
80C

Troy A. Langley vs. Maine State Employees Association, Local

| Plaintiff's Attorney | Defendant's Attorney 1989,Seiu |
|---|---|
| Diane A. Khiel, Esq.<br>P.O. Box 70<br>Orono, Maine 04473 | -Lisa Copenhaver, Esq.<br>Maine Relations Board<br>90 State House Station<br>Augusta, Maine 04333-0090<br><br>-Timothy Belcher, Esq.<br>PO Box 1072<br>Augusta Maine 04332 |

| Date of Entry | |
|---|---|
| 1/12/01 | Complaint for Review of Final Agency Action, filed. s/Khiel, Esq. (filed 1/10/01)<br>Certificate of Service, filed. s/Khiel, Esq. |
| 1/17/01 | Letter entering appearance, filed. s/Belcher, Esq. |
| 1/17/01 | Letter entering appearance on behalf of the Maine Labor Relations Board, filed on 1/16/01. s/L. Copenhaver, Esq. |
| 1/17/01 | Record, filed. s/L. Copenhaver, Esq. (record in vault) |
| 1/18/01 | Notice of briefing schedule mailed to attys of record. |
| 1/19/01 | Copy of notice of briefing schedule mailed to atty Belcher. |
| 2/20/01 | Petitioner's Motion for Enlargement of Time Within which to File Brief, s/Khiel, Esq.<br>Certificate of Service, filed. s/Khiel, Esq. |
| 3/7/01 | PETITIONER'S MOTION FOR ENLARGEMENT, Studstrup, J. (dated 3/2/01)<br>Motion for enlargement granted. (March 28, 2001)<br>Copies mailed to attys of record. |
| 3/28/01 | Brief of Petitioner, filed. s/Khiel, Esq. |
| 5/1/01 | Brief of Respondent Maine State Employees Association, Seiu Local 1989 in Opposition to Petition for Review, filed. s/Belcher, Esq. (filed 4/30/01) |
| ------ | Brief of Respondent Maine Labor Relations Board, filed. s/Copenhaver, Esq.<br>Appendix, filed. (filed 4/30/01) |
| 5/10/01 | Letter informing the court that Petitioner will not file a Reply Brief, but rather address the issues during oral argument, filed. s/Khiel, Esq. |
| 7/10/01 | Hearing had on 7/3/01. Hon. Kirk Studstrup Presiding. No courtroom clerk present.<br><br>Case taken under advisement |