STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      DOCKET NO. CV-98-046

RICHARD SHIELDS,              )
                             )
    Plaintiff                )        FILED & ENTERED DECISION AND
                             )        SUPERIOR COURT JUDGMENT   DONALD L. GARBRECHT
    vs.                      )                                  LAW LIBRARY
                             )        OCT 24 2002
ST. JOSEPH HOSPITAL,         )
                             )        PENOBSCOT COUNTY          OCT 30 2002
    Defendant                )

Pending before the Court is the Defendants', St. Joseph Hospital and Linda

Gosselin-Chase, M.D., Motion to Dismiss for failure to state a claim upon which relief

can be granted pursuant to M.R. Civ. P. 12(b)(6). For the following reasons the Court

dismisses Count I, II, and IV of the Plaintiff's Complaint in their entirety and dismisses

Count III of the Plaintiff's Complaint to the extent it relies on a theory of corporate

liability and requests individual recovery.

### Background

On March 16, 1996, at approximately 1:57 a.m., Joanne Shields arrived at the St.

Joseph Hospital Emergency Room ("St. Joseph"). She stated she had been experiencing

neck pain for approximately three days. Dr. Gosselin-Chase ("Dr. Chase") examined Ms.

Shields and diagnosed her with a neck sprain. She advised Ms. Shields to put ice or heat

on her neck, sleep flat without a pillow and follow up with a physician. Maureen Guerin,

R.N., also examined Ms. Shields and provider her with written discharge instructions for

a neck sprain which advised her to return immediately if she experienced certain

symptoms.

Later that evening a rescue unit responded to a call from the Shields residence and

found Ms. Shields unconscious. They transported Ms. Shields back to St. Joseph and a

1

CT scan showed a subarachnoid and third and fourth ventricle blood. They treated her and later transferred her to the Eastern Maine Medical Center. After further tests and emergency surgery, Ms. Shields eventually passed away on March 19, 1996. Richard Shields (the "Plaintiff"), Ms. Shields husband, is the Personal Representative of the Estate of Joanne Shields.

The Plaintiff filed a complaint in his capacity as Personal Representative against both Dr. Chase and St. Joseph for wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S.A. 2-804 (the "Statute"), and as an individual against both Dr. Chase and St. Joseph for loss of consortium.

## Arguments

The Defendants argue the Court should dismiss Count I of the Plaintiff's Complaint because it is based on a theory of corporate liability which the State of Maine does not recognize. Plaintiff contends the circumstances have changed concerning past precedent and the Court should adopt the corporate liability theory in this case.

Further, Defendants request the Court dismiss Count II and IV in their entirety because the Plaintiff seeks to recover for loss of consortium in his individual capacity independently of the Statute and they request the Court dismiss Count III to the extent it seeks the same. The Plaintiff contends he is entitled to recover for loss of consortium independent of the Statute because the decedent endured conscious pain and suffering.

## Discussion

### Standard

When the Court reviews a motion to dismiss they accept the material allegations of the complaint as true and dismiss the complaint only when it appears beyond a doubt

that the Plaintiff would not be entitled to relief under any set of facts he might prove in support of his case. Brown v. Maine State Employees Association, 1997 ME 152, ¶5, 697 A.2d 1270. The rules of civil procedure contemplate liberal amendment when it would serve the interests of justice. See M.R. Civ. P. 15.

**Corporate Liability**

The Court in Gafner v. Down East Community Hospital, 1999 ME 130, 735 A.2d 969, declined to recognize a claim based on corporate liability. The Court noted the Legislature extensively regulated private hospitals in Maine and has created a number of duties and guidelines, therefore the Court should allow the Legislature to address "the policy considerations and determine whether imposing such a duty constitutes wise public policy." Gafner v. Down East Community Hospital, 1999 ME 130, ¶42, 735 A.2d 969. The Court further noted that recognizing this duty, and changing the traditional notion of physicians as independent contractors, could shift the nature of medical care physicians provide. Id.[1] The Court concluded that in light of the legislative and executive involvement in this area they should "stay [their] hand as a common court." Id, (quoting, Hottentot v. Mid-Maine Medical Center, 549, A.2d 365, 370 (Me. 1988), Hornby, J., concurring).

There has been no change in the Court's position since their decision in Gafner. The Plaintiff relies heavily on Thompson v. Nason Hospital, 591 A.2d 703 (Pa. 1991), in their arguments. However the Court in Gafner examined this decision and declined to follow it. At some time, considering the changing nature of health care in today's

---

[1] It appears from the Complaint and Briefs on the Motion to Dismiss, the Hospital is not challenging the notion that they are liable under a theory of respondeat superior and the Court in Gafner specifically noted that in refusing to recognize corporate liability for hospitals they were not intended to incorporate "concepts of vicarious liability or other types of direct liability occasioned by a hospital's breach or a previously recognized duty." Gafner, 1999 ME 130, ¶31.

3

society, it may be appropriate to recognize the theory of corporate liability as a basis of liability for hospitals. However "creating a duty that would place external controls on the medical judgments and actions of physicians should not be undertaken without a thorough and thoughtful analysis." Gafner, 1999 ME 130, ¶41.

**Independent Recovery**

The Defendants request the Court dismiss Count II and IV of the Plaintiff's Complaint in their entirety because the Plaintiff is attempting to collect for loss of consortium in his individual capacity in addition to proceeding under the Statute. In addition they request the Court dismiss Count III to the extent it seeks similar damages.

The Plaintiff suggests that because the negligence of the Defendants caused Ms. Shields conscious pain and suffering before her death the Statue entitles him to recover individually under the common law. Plaintiff may be referring to 18-A M.R.S.A. 2-804 (c), which states:

> Whenever death ensues following a period of conscious suffering, as a result of personal injuries due to the wrongful act, neglect or default of any person, the person who caused the personal injuries resulting in such conscious suffering and death shall, in addition to the action at common law and damages recoverable therein, be liable in damages in a separate count in the same action for such death, brought, commenced and determined and subject to the same limitation as to the amount recoverable for such death and exclusively for the beneficiaries in the matter set forth in subsection (b), separately found, but in such cases there shall be only one recovery for the same injury.

However, this subsection simply requires separate counts in the same action, one for the conscious pain and suffering and one for the death that followed. This allows the jury to properly award damages, still subject to the wrongful death cap. The subsection does not provide for individual claims, only claims for the statutory beneficiaries. See generally

4

Houge v. Roberge, 47 A.2d 727, (Me. 1946) (interpreting an older version of the statute with similar sections).

The Legislature limited the beneficiaries to the remedies the Statute provide. Carter v. Williams, 2002 ME 50, ¶19, 792 A.2d 1093 (citing Feighery v. York Hospital, 38 F.Supp.2d 142, 157 (D.Me.1999); Krempels v. Mazyck, 868 F.Supp.355, 357-58 (D.Me.1994)). The Court in Carter ruled the parents of a child killed in an accident could not bring separate emotional distress claims in their capacity as individuals because they were based on the same facts as their wrongful death claim. Carter, 2002 ME 50, ¶14. The Statute specifically provided for, "damages for emotional distress arising from the same facts as those constituting the underlying claim..." 18-A M.R.S.A. 2-804(b). In the present case the Plaintiff seeks to recover, in his capacity as an individual, for loss of consortium. However the Statute provides for, "the loss of comfort, society and companionship for the deceased..." Id. Where the Statute applies, plaintiffs may not circumvent to statute's damage cap by bringing separate claims. Carter, 2002 ME 50, ¶19 (citing JACK H. SIMMONS et al., MAINE TORT LAW 19.06 (2001 ed.).[2]

THE DOCKET ENTRY IS:

> Count I, II, and IV of the Plaintiff's Complaint are dismissed for failure to state a claim upon which relief can be granted.
> Count III of the Plaintiff's Complaint is dismissed to the extent it is grounded in a theory of corporate liability and seeks individual recovery.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

DATED:     October 24, 2002.

_____

[2] The demand for nursing costs is proper, the Statute specifically provides for pecuniary damages.

RICHARD SHIELDS  - PLAINTIFF

Attorney for: RICHARD SHIELDS
SUMNER LIPMAN
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
ST JOSEPHS HOSPITAL - DEFENDANT

Attorney for: ST JOSEPHS HOSPITAL
CHRISTOPHER NYHAN
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

LINDA GOSSELIN CHASE  - DEFENDANT

Attorney for: LINDA GOSSELIN CHASE
CHRISTOPHER NYHAN
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-1998-00046


**DOCKET RECORD**