STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-32

David B. Watson Sr. et al.,
    Plaintiffs

v.                                                                    Order



Somerset County Sheriff's
Department et al.,
    Defendants

Several motions are pending before the court in this action. The court has reviewed the parties' submissions on those motions.

**1. Plaintiffs' motions for entry of default and default judgment**

These motions must be denied. The plaintiffs filed the two motions (dated March 4 and March 9) on the ground that the defendants failed to file timely responses to the complaint. The plaintiffs, however, have failed to make proper service of the complaint on the defendant, and in any event, by virtue of the order of enlargement dated March 22, 2005, the defendants' response was timely.

**2. Plaintiffs' motion to reconsider**

In a motion filed on April 6, the plaintiffs seek reconsideration of the court's prior order denying their motions to recuse and to confirm that they had made proper service.[1] The court denies the motion to reconsider.

**3. Defendants' motion to dismiss and motion for summary judgment**

In their complaint, the plaintiffs allege that plaintiff David Watson, Sr. was forcibly removed from a Wal-Mart store by a Somerset County deputy sheriff. On the basis of this factual allegation, the plaintiffs have made claims against the Somerset

---

[1] A review of the court file suggests that this order actually appears to have been issued in another action filed by the plaintiffs at bar.

1

County Sheriff's Department and "Somerset County," including claims for assault and battery (paragraph 2 of the complaint), intentional infliction of emotional distress (paragraph 3), negligence (paragraph 4), interference with economic advantage and relations (paragraph 5), fraud (paragraph 5), negligent misrepresentation (paragraph 5), defamation (paragraph 6), invasion of privacy (paragraph 6), and violation of federal constitutional rights (paragraph 10). The defendants move for entry of summary judgment on the state law tort claims on several grounds, including an argument that the plaintiffs failed to comply with the notice of claim requirements set out in the Maine Tort Claims Act, 14 M.R.S.A. § 8107. Section 8107(1) requires a claimant to serve a notice of a tort claim on the prospective respondent within 180 days of the date that such claim accrues.

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. Here, the record on summary judgment establishes that the plaintiffs have not filed a notice of claim under section 8107. The plaintiffs have not argued that any exceptions to the notice requirement apply here, and none are apparent from the record. Because the plaintiffs have not satisfied the predicate to a court action based on tort claims, judgment must be entered for the defendants on the tort claims.[2]

The defendants have moved to dismiss the federal constitutional cause of action asserted in the complaint, in part on the ground the complaint does not allege conduct by the Somerset County Sheriff's Department or Somerset County that would constitute a constitutional deprivation for which either movant could be held liable. *See* M.R.Civ.P. 12(b)(6). In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court takes the allegations as true, *Brown v. Maine State Employees*, 1997 ME 24, ¶ 5, 690 A.2d 956, 958, and examines the complaint "to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994).

---

[2] The parties have presented arguments on whether in fact the defendants are immune from tort liability under the MTCA. The court need not and does not reach that issue, because the plaintiffs have not brought their tort claims properly.

2

Title 42 U.S.C. § 1983 renders liable any person who subjects or causes to be subjected another person to a constitutional deprivation, when the alleged wrongdoer acts "under color of any statute, ordinance, regulation, custom or usage. . . ." The plaintiffs have brought this action, not against the individual officer who they claim forcibly removed David Watson, Sr. from the store, but against the Somerset County Sheriff's Department and Somerset County. A governmental agency cannot be held liable under section 1983 merely because of an employment relationship with the alleged wrongdoer. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, any such departmental liability must rest on a showing that it was involved in the constitutional deprivation through one of the ways set out in section 1983 itself. In opposing the defendants' motion, the plaintiffs do not make any persuasive argument that the defendants allegedly acted under color of a statute, ordinance or regulation. Therefore, any departmental liability could only be by virtue of a "custom or usage." This requires proof (or, at this stage of the proceedings, an allegation) that "the injury results from an officially sanctioned policy or custom." *Bordanaro v. McLeod*, 871 F.2d 1151, 1155 (1st Cir. 1989). *See also Monell*, 436 U.S. at 694. The plaintiffs have not alleged that the Somerset County Sheriff's Department or Somerset County itself, as an institution, has engaged in any conduct that resulted in harm to any of the plaintiffs. There is no allegation, for example, of improper official policies regarding the removal of individuals from business establishments, or of improper training. Therefore, on this complaint, the plaintiffs have not alleged any ground for relief against the defendants for any constitutional deprivation.

In their objection to the motion at bar, the plaintiffs may be seen to seek leave to amend their complaint to allege a violation of 42 U.S.C. § 1983 and its state analogue, 5 M.R.S.A. §4681 *et seq*. The request has not been presented as a proper motion. Even if it had been presented properly, the court would deny it, because it would be unavailing to the plaintiffs. As is noted above, the court has examined the sufficiency of the allegations as a section 1983 claim, and the Maine Human Rights Act does not give protection against state action that is broader than those afforded under section 1983. *Forbis v. City of Portland*, 270 F.Supp.2d 57, 61 (D. Me. 2003) (excessive force claim).

For these reasons, the defendants are entitled to dismissal of the plaintiff's constitutional claims. The court need not and does not address the defendants' remaining arguments in support of their motion to dismiss.

The entry shall be:

The plaintiffs' motions for default, default judgment and reconsideration are denied.

The defendants' motion for summary judgment is granted. Summary judgment is entered for the defendants on all state law tort claims. On the remaining claim, alleging violation of constitutional rights, the defendants' motion to dismiss is granted, and the claim for violation of constitutional rights is dismissed. The defendants are awarded their costs of court. The court intends this order to constitute a final adjudication of all claims set out in the complaint.

Dated: June 13, 2005

Justice, Maine Superior Court
Jeffrey L. Hjelm

4

DAVID B WATSON SR - PLAINTIFF
21 WILLOW DRIVE
NEWPORT ME 04953
LINDA M WATSON  - PLAINTIFF
21 WILLOW DRIVE
NEWPORT ME 04953
DAVID B WATSON JR - PLAINTIFF
21 WILLOW DRIVE
NEWPORT ME 04953
DANIEL L WATSON  - PLAINTIFF
21 WILLOW DRIVE
NEWPORT ME 04953
ANDREW A WATSON  - PLAINTIFF
21 WILLOW DRIVE
NEWPORT ME 04953


vs
SOMERSET COUNTY SHERIFFS DEPARTMENT - DEFENDANT
11 HIGH ST
SKOWHEGAN ME 04976
Attorney for: SOMERSET COUNTY SHERIFFS DEPARTMENT
PETER MARCHESI  - RETAINED 02/25/2005
WHEELER & AREY PA
PO BOX 376
27 TEMPLE ST
WATERVILLE ME 04903-0376


SOMERSET COUNTY - DEFENDANT
41 COURT STREET
SKOWHEGAN ME 04976
Attorney for: SOMERSET COUNTY
PETER MARCHESI  - RETAINED 02/25/2005
WHEELER & AREY PA
PO BOX 376
27 TEMPLE ST
WATERVILLE ME 04903-0376

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2005-00032


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: GENERAL INJUNCTIVE RELIEF
Filing Date: 02/14/2005

## Docket Events:
02/15/2005 FILING DOCUMENT - COMPLAINT FILED ON 02/14/2005

02/15/2005 Party(s):  SOMERSET COUNTY SHERIFFS DEPARTMENT
          SUMMONS/SERVICE - CERTIFIED MAIL RETURN RECEIPT SERVED ON 02/09/2005
          AS TO DEFENDANT SOMERSET COUNTY SHERIFF'S DEPARTMENT BY KAREN BLODGETT

02/15/2005 Party(s):  SOMERSET COUNTY SHERIFFS DEPARTMENT
          SUMMONS/SERVICE - CERTIFIED MAIL RETURN RECEIPT FILED ON 02/14/2005
          BY PLAINTIFFS PRO SE

02/15/2005 Party(s):  SOMERSET COUNTY
          SUMMONS/SERVICE - CERTIFIED MAIL RETURN RECEIPT SERVED ON 02/11/2005
          AS TO DEFENDANT SOMERSET COUNTY BY ROBIN WEEKS.