STATE OF MAINE                    SUPERIOR COURT
ANDROSCOGGIN, ss.                 CIVIL ACTION
                                  DOCKET NO. CV-08-077

RECEIVED & FILED

OCT 21 2008

ANDROSCOGGIN
SUPERIOR COURT

RICHARD E. HAMILTON, SR.,

    Plaintiff

v.                                ORDER ON MOTIONS TO DISMISS

BANK OF AMERICA, N.A.

and

SAFEGUARD PROPERTIES, LLC, *et al.*

    Defendants

This matter came before the court on defendants' motions to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6) for lack of standing and failure to state a claim on which relief may be granted, and alternatively, pursuant to M.R.Civ.P. 19(a) for failure to join a necessary party. The court heard oral argument on August 25, 2008.

PROCEDURAL HISTORY / BACKGROUND

On April 22, 2008, Hamilton filed a 23-page complaint with 220 separate paragraphs. The basic allegations in the complaint are that in 2000 Hamilton's son purchased land and a mobile home in New Gloucester, Maine, Bank of America provided the mortgage financing to his son, his son moved to Florida in 2005, on a routine basis plaintiff checked his son's residence and provided maintenance, and on March 12, 2008, he was locked out of his son's residence when the locks were changed without notice by the Bank. Hamilton alleges that he has an interest in his son's property because he spent thousands of dollars on

the residence and he has thousands of dollars of equipment and tools in his son's residence. Plaintiff further alleges that his son's mortgage was not in default when the locks were changed

Hamilton's complaint alleges causes of action of breach of contract in Count I, breach of contract – third party beneficiary in Count II, tortuous interference with contract in Count III, theft in Count IV, theft by extortion in Count V, criminal trespass in Count VI, Negligence in Count VII, negligent misrepresentation in Count VIII, intentional misrepresentation in Count IX, fraud in Count X, defamation (libel) in Count XI, defamation (slander) in Count XII, false light in Count XIII, and unfair or deceptive practices in Count XIV. On June 27, 2008, the defendants Bank of America and Safeguard Properties jointly moved to dismiss the complaint. Subsequently, Hamilton filed an amended complaint adding as defendants Thomas Colban and David and Shelley Alley d/b/a D & S Properties. Hamilton did not file a motion to amend the complaint to add these defendants until September 22, 2008.[1] Defendant Colban filed a motion to dismiss on July 1, 2008 and an amended motion to dismiss and motion for sanctions on July 7, 2008. Defendants David and Shelley Alley filed a motion to dismiss on June 30, 2008. On July 25, 2008, Hamilton filed a motion for consolidation of the Androscoggin County case with the a Cumberland County Docket No. CV-08-421, a case that according to Hamilton has 3 plaintiffs, 26 defendants, 30 counts and 608 paragraphs. Hamilton argues that the Androscoggin case is part of the Cumberland County case and the two cases

---

[1] This motion to amend seeks to add to the Androscoggin County civil action the allegations contained in the complaint filed in the Cumberland County civil action. That motion has not been acted on and because of the court's determination on the motions to dismiss, will not be acted on.

should be consolidated pursuant to M.R.Civ.P. 42. On July 28, 2008, Hamilton filed his opposition to the Defendants' motions to dismiss and motion for sanctions. This order will address only the motions to dismiss and for sanctions.[2]

The Bank filed an uncontroverted affidavit, attaching exhibits that include a mortgage entered into by Richard Hamilton, Jr. with Bank of America securing a note in the amount of $94,050 (Exhibit A), a default notice for failing to make the July 1, 2007 and subsequent payments due on the note (Exhibit B), and three requests to the Borrower (1) seeking verification of his income (Exhibit C), (2) requesting additional documentation to process his request for assistance with the default (Exhibit D), and (3) stating they had been unable to contact him and asking him to contact the Bank about the mortgage loan (Exhibit E). The affidavit establishes that the Notice of Default was sent to the Borrower's Florida address because he had notified the Bank to send mail to his Florida address. Finally, the affidavit establishes that on February 8, 2008 when the Borrower continued not to respond to the Bank's requests and continued to be in default under the Mortgage, the Bank asked Safeguard Properties to secure the property which included changing the lock on the property to protect the mortgaged premises as authorized by Section 9 of the Mortgage.[3]

---

[2] Because the defendants presented matters outside the pleadings in support of their motion, the motion to dismiss, at least in part, converted into a motion for summary judgment. M.R. Civ. P. 12(b).

[3] The Bank also states in the affidavit that the Bank eventually arranged for an inspection of the property and learned that on December 20, 2007 and January 26, 2008, the property was vacant and the gas and water were turned off and the property was covered by snow. Concerned with the security and risk that the property insurer would cancel the insurance, together with the failure of Richard Hamilton Jr. to respond to the Bank's inquiries, the Bank asked Safeguard to secure the property, which consisted of changing one of the locks to the property

DISCUSSION

A motion to dismiss challenges the legal sufficiency of the complaint. *Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985). When reviewing a motion to dismiss, this court examines the complaint "in the light most favorable to the plaintiff and accept[s] the material facts of the complaint as true." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 46. A motion to dismiss will be granted where "it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove to support his claim." *Id.* (citations omitted).

## A. Standing

The complaint raises various objections by the borrower's father, Richard Hamilton, Sr., not the borrower himself, Richard Hamilton, Jr., about the Bank's actions. To the extent that plaintiff objects to the exercise by the Bank of its rights under the mortgage on the property conveyed to it by the borrower, the plaintiff lacks standing because he does not own the property and he is not a party to the mortgage with the Bank. He cannot assert the rights of his son against the Bank. *See Stull v. First American Title Insurance Co.*, 2000 ME 21, 745 A. 2d 975, 979 ("Litigants normally may not assert the rights of third parties but must demonstrate that they have received some particularized injury in order to have standing to raise their claim.") "The basic premise underlying the doctrine of standing is to limit access to the courts to those best suited to assert a particular claim." *Roop v. City of Belfast*, 2007 ME 32, ¶ 7, 915 A. 2d 966, 968 (citation and quotation marks omitted). While there is no set formula for determining

---

as authorized by Section 9 of the Mortgage. The court has not relied on these allegations in rendering this decision.

standing, *Roop*, ¶ 7, the standing analysis must be contextually appropriate. *Id.* at ¶ 9. Where the action challenges the actions of the Bank in connection with a mortgage to which Hamilton is not a party, he does not have an injury that gives him standing. Any rights that plaintiff alleges are derivative of his non-party son. If the son is in default of the mortgage and the Bank exercises its rights to dispossess the mortgagor-son or foreclose on the property, the father's interests would be terminated as a matter of law because whatever interests he had in relation to the property are entirely derivative of the son's interests and as a consequence inferior to the interests of the Bank granted by the son when he conveyed the mortgage to the Bank. Plaintiff cannot seek to assert his son's interests against the Bank because he does not have standing to do so.

B. Counts I, II and III: Contract Claims

In his first count, Hamilton asserts a claim for breach of contract, arguing he was locked out of his son's residence when the locks were changed without notice by the Bank and when his son was not in default. Plaintiff alleges that the defendants breached their contractual obligation to him. In Count II he alleges breach of his rights as a third-party beneficiary of the contract and in Count III he alleges tortuous interference with a contract.

Plaintiff does not allege that he has any rights to his son's property that pre-exist or are otherwise superior to the Mortgage. As mortgagee of the property by conveyance from the plaintiff's son as owner of the property, the Bank stands in the shoes of the Borrower in relation to all others in the world, including the plaintiff. The exercise by the Bank of its rights under the Mortgage are superior to any interest of the plaintiff in the property.

The Borrower was in default under Section 1 of the Mortgage because of

nonpayment of installments due under the note that the Mortgage secures. When the Borrower did not respond to the Bank's requests and the default persisted, there was a material default under the Mortgage entitling the Bank to exercise its rights under Section 9 of the Mortgage, including the right to protect and secure the property by changing the locks. *See Fireman's Fund Mortgage Corp. v. Zollicoffer*, 719 F. Supp. 650, 656 (N.D. Ill. 1989) (breach of a duty to make payments is a material breach entitling the creditor to exercise the rights under the mortgage). Therefore, Count I must be dismissed because it does nothing more than assert the rights of the Borrower under the Mortgage against the Bank. Count II must similarly fail because plaintiff does not allege, nor could he allege, that he was expressly an intended beneficiary of rights under the Mortgage when granted by his son to the Bank. *Denman v. Peoples Heritage Bank, Inc.*, 1998 ME 12, ¶ 9, 704 A. 2d 411. And, Count III also fails because plaintiff's rights in the property are inferior to the Bank's superior rights as creditor under the Mortgage.

### C. Counts IV, V and VI: Claims of Criminal Offenses

Counts IV, V and VI all allege criminal offenses. Theft, theft by extortion and criminal trespass are not recognized civil causes of action. A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. Even if the court treats as admitted the facts alleged in Counts IV, V and VI, they still fail to allege elements of a recognized cause of action against the defendants or allege

fact that could entitle plaintiff to recover under any legal theory. *See Brown v. Maine State Employees Ass'n*, 1997 ME 24, 690 A.2d 956 (Me. 1997).

### D. Remaining Counts VII, VIII, IX, X, XI, XII, XIII, XIV

The remaining counts similarly fail because of the absence of allegations of acts, which, if true, would establish a claim. Count VII must be dismissed because none of the defendants owe any duty to the plaintiff, which is an essential element for a claim of negligence. Similarly, Count VIII must be dismissed because defendants owe no duty to plaintiff and Counts VIII and IX must also be dismissed there are no facts alleged of any misrepresentation by the defendants to the plaintiff. Plaintiff does not plead facts that, if true, would make out an action for libel (Count X), slander (Count XI), false light (Count XIII) and unfair or deceptive acts (Count XIV).

The entry is:

Motions to Dismiss are Granted. The Complaint is dismissed in its entirety. Motion for Sanctions is Denied.

Date: October 20, 2008

Joyce A. Wheeler, Justice