**William E. LUNDRIGAN**

v.

**MAINE LABOR RELATIONS BOARD.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1984.

Decided Oct. 10, 1984.

---

William E. Lundrigan, pro se (orally).

Wayne W. Whitney, Jr. (orally), Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

William E. Lundrigan appeals from a judgment of the Superior Court, Kennebec County, which affirmed a decision and order of the defendant-appellee Maine Labor Relations Board (MLRB) dismissing his prohibited practices complaint. Lundrigan contends that the MLRB erred in finding that: (1) his prohibited practices claim against the State Department of Personnel was time-barred by 26 M.R.S.A. § 979–H(2) (Supp.1983); and (2) his allegations against his union, the Maine State Employees Association (MSEA), could not, as a matter of law, constitute a breach of the duty of fair representation. We agree with the Superior Court and affirm the judgment.

## I.

Lundrigan's grievance results from the failure of the State Department of Personnel to select him for the position of Director of the Division of Finance in the Department of Educational and Cultural Services in June of 1981. In April of 1981, the Department of Personnel (hereinafter the State) solicited applications for the position. Lundrigan, the acting director of the Division of Finance, was one of many candidates for the job. In June of 1981, the interview committee chose another applicant for the position. Lundrigan then initiated action in accordance with the three-stage grievance procedure provided in his bargaining agreement. His grievance alleged that the State violated the collective bargaining agreement, acted arbitrarily, and violated concepts of career service in failing to promote him to the position of Director of Finance.

Because the grievance remained unresolved throughout the first three stages of the procedure, Lundrigan, represented by an MSEA attorney, took the grievance to arbitration. In an award issued on March 11, 1983, the arbitrator denied the grievance, finding that the State neither violated the bargaining agreement, nor abused its discretion by failing to select Lundrigan for the job.

On July 16, 1982, Lundrigan filed a prohibited practices complaint with the MLRB, alleging that the State had breached various duties and obligations in handling his job application. Further, he contended that the MSEA, through its attorney, had violated its duty of fair representation. The executive director of the MLRB dismissed the complaint for failing to allege facts which would constitute a violation of the State Employees Labor Relations Act. Lundrigan then appealed the executive director's decision and filed another more detailed prohibited practices complaint on October 6, 1982. On October 20, 1982, the full board issued an order upholding the executive director's dismissal of the *initial* complaint and further ordered that the second complaint be scheduled for a pre-hearing conference. Following the pre-hearing conference the Board granted the defendants' motions to dismiss and dismissed the complaint without a hearing.

Lundrigan then appealed to the Superior Court pursuant to 26 M.R.S.A. § 979–H(7) (Supp.1983), which affirmed the decision of the MLRB. The Superior Court functions

as an intermediate appellate court when undertaking direct judicial review of an administrative record. The standard of review is the same in the Law Court as it was before the Superior Court. We review, therefore, the decision of the MLRB under the standard of review set forth in 5 M.R.S.A. § 11007 (1979). *See Council 74, AFSCME v. Maine State Employees Ass'n,* 476 A.2d 699, 703 (Me.1984).

## II.

■ Lundrigan first contests the MLRB's ruling that his prohibited practice complaint against the State was time-barred by 26 M.R.S.A. § 979–H(2) (Supp. 1983). Section 979–H(2) provides in pertinent part that "no hearing shall be held based upon any alleged prohibited practice occuring more than 6 months prior to the filing of the complaint with the executive director." Lundrigan's complaint alleged that the State unlawfully interfered with the exercise of his labor rights on June 22, 1981, when the Commissioner of the Department of Education and Cultural Services threatened to give Lundrigan poor references and evaluations should he initiate a grievance concerning certain procedures utilized in the hiring process. Lundrigan's initial filing with the MLRB did not occur until July 16, 1982, more than a year after the alleged prohibited practice.

Lundrigan contends that he "in effect" met the six month requirement because he was required to utilize the applicable grievance procedures under his contract before pursuing other remedies. · However, in *Lewiston Firefighters Ass'n, Local 785 v. City of Lewiston,* 354 A.2d 154, 166–168 (Me.1976), we noted that contractual rights grounded in a bargaining agreement and similar statutory rights are legally independent and as such are enforceable concurrently in two different forums. *See also Board of Directors of Maine School Admin. Dist. No. 33 v. Teachers Ass'n of Maine School Admin. Dist. No. 33,* 392 A.2d 1097, 1100 and n. 2 (Me.1978) (where bargaining agreement did not confer exclu-

sive power to determine substantive arbitrability upon arbitrator, issue remained open for court determination). We therefore affirm the MLRB's dismissal of Lundrigan's charge because he failed to enforce his independent statutory rights within the time frame specified in section 979–H(2).

## III.

■ Lundrigan next contends that the MLRB erred by dismissing his charge against the Maine State Employees Association for failure, as a matter of law, to constitute a breach of the duty of fair representation. The MSEA has a statutory duty to represent employees fairly in its enforcement of the collective bargaining agreement. To constitute a breach of the duty of fair representation, the union's conduct toward its members must be arbitrary, discriminatory or in bad faith. Thus, the union may not ignore a meritorious grievance or process it in a perfunctory manner. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Nevertheless, a "[w]ide range of reasonableness must be allowed" and "[m]ere negligence, poor judgment or ineptitude are insufficient to establish a breach of the duty of fair representation." *See Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953).

■ The controlling language in 26 M.R.S.A. § 979–H(2) (Supp.1983) provides that "[i]f it is determined that the facts do not, as a matter of law, constitute a violation, the charge shall be dismissed by the executive director, subject to review by the board." The MLRB, upon review of all the material before it, ruled that the charge, as a matter of law, did not constitute a breach of the duty of fair representation under the Act. We review such a determination as a ruling of law. However, "the construction placed on the statute by the Board, as the agency charged with its enforcement, should be accorded 'considerable deference' by a reviewing court." *State v. Maine Labor Relations Board,* 413 A.2d 510, 514

(Me.1980) (citing *Ford Motor Co. v. NLRB*, 441 U.S. 488, 497, 99 S.Ct. 1842, 1849, 60 L.Ed.2d 420 (1979)). Our review of the entire record indicates that the decision of the MLRB in dismissing Lundrigan's charge for failure to constitute a breach of the duty of fair representation on the part of the MSEA was not "[a]rbitrary, capricious or characterized by abuse of discretion." 5 M.R.S.A. § 11007(4)(C)(6) (1979).

The remaining issues raised on appeal are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.