Terence J. HUGHES

v.

UNIVERSITY OF MAINE.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1994.

Decided Jan. 11, 1995.

Terence J. Hughes, pro se.

Paul Chaiken, Michael A. Hodgins, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Terence Hughes appeals from a judgment entered in the Superior Court (Penobscot County, *Mills, J.*) in favor of the University of Maine on an appeal from the judgment of the District Court (Bangor, *Hjelm, J.*) on Hughes's complaint against the University seeking reimbursement for certain travel expenses. The Superior Court concluded that the District Court erred by denying the University's motion to dismiss the complaint. We affirm the judgment.

The record discloses the following undisputed facts: Hughes is a tenured faculty member at the University of Maine. The University advanced Hughes $10,000 for his January 1988 scheduled attendance at a conference in Moscow and his February 1988 scheduled attendance at a symposium in Hobart, Australia. Following his return, Hughes provided receipts and documentation for the expenses of the trip. The University disallowed a portion of his claimed expenses. After Hughes refused the University's request to return a portion of the previous advancement, the University suspended Hughes for eight days without pay, the ap-

proximate equivalent to the amount Hughes allegedly owed to the University. This suspension was later reduced to 6.5 days when Hughes provided additional documentation for his claimed expenses.

Following his suspension without pay the Associated Faculties of the University of Maine System [AFUM] initiated a grievance on behalf of Hughes claiming the University had violated Article 15(B) of the collective bargaining agreement between the University and AFUM that provides "no unit member shall be terminated, suspended, or disciplined without just cause." Article 15(A) defines suspension to mean "the temporary removal of a unit member from the performance of duties."

Following AFUM's inability to negotiate a settlement with the University that was satisfactory to Hughes, AFUM determined not to take Hughes's claim to arbitration. Thereafter, Hughes brought the present small claims action against the University pursuant to 14 M.R.S.A. § 7481 (Supp.1994).[1] The University moved to dismiss the complaint on the ground that Hughes had not exhausted his contractual remedies.

At the hearing, in support of its motion the University argued, *inter alia*, that the collective bargaining agreement provided the exclusive remedy for the dispute between Hughes and the University, that AFUM had sole power pursuant to the agreement to invoke arbitration, and that AFUM's election not to pursue arbitration precluded Hughes's present action against the University. The District Court rejected this contention and denied the dismissal on the ground that because the grievance process had been satisfied to the extent that Hughes individually

could have proceeded pursuant to the collective bargaining agreement,[2] Hughes could properly maintain the present action. On the merits of Hughes's small claim action, the District Court found that Hughes had failed to meet his burden of proof that the University had wrongfully denied him the claimed reimbursement for travel expenses and granted a judgment in favor of the University. Hughes appealed to the Superior Court, and the University cross-appealed the denial of its motion to dismiss Hughes's complaint. After a hearing, the Superior Court denied Hughes's appeal and remanded the case to the District Court for a dismissal of Hughes's complaint. From the judgment entered accordingly, Hughes appeals.

■ When, as here, the Superior Court's review is of the record developed before the District Court, we review that record directly. *Noyes v. Noyes*, 617 A.2d 1036, 1037 (Me.1992). The decisive issue in this appeal is whether the District Court erred in denying the University's motion to dismiss Hughes's claim against the University. We conclude that it did. Hughes does not dispute that as a professor employed by the University he is bound by the collective bargaining agreement between the University and AFUM, the sole and exclusive bargaining agent for such employees. Hughes's claim that he was wrongfully suspended without pay in response to his refusal to reimburse the University for travel expenses requires interpretation of Article 15 of the collective bargaining agreement. Article 14 of the collective bargaining agreement between AFUM and the University provides a five-step grievance procedure as the exclusive remedy for resolving a dispute that "exists with respect to the interpretation or

1. Pursuant to 14 M.R.S.A. § 7481 (Supp.1994), the District Court has jurisdiction of small claims. At the time Hughes instituted the present proceeding, the jurisdictional amount was limited to $1,400 exclusive of interest and costs. Hughes waived any claim in excess of that amount. By P.L.1993, ch. 401, § 3 the amount has been raised to $3,000. *See* 14 M.R.S.A. § 7482 (Supp.1994).

2. Although the University of Maine System Labor Relations Act permits a University employee to present a grievance to the University directly and obtain an adjustment without the intervention of

AFUM, this option is only available if the adjustment is not "inconsistent with the terms of any collective bargaining agreement." 26 M.R.S.A. § 1025(E) (Supp.1994). Article 14(C) of the collective bargaining agreement between the University and AFUM provides that the employee may proceed through the first three steps of the five-step formal grievance procedure without AFUM representation. The fifth step provides that "in the event a grievance is not satisfactorily resolved at Step 4 of the grievance procedure and the Association wishes to proceed to arbitration, it shall serve written notice to that effect."

application of this Agreement." Although Hughes could proceed through Step 3 of the grievance procedure without representation by AFUM, AFUM had the exclusive power to pursue the grievance beyond Step 3, including the invocation of arbitration contemplated by Step 5. When AFUM did not invoke arbitration pursuant to Step 5, Hughes brought the present action against the University.

We have traditionally looked to the federal courts for guidance in interpreting our Labor Relations Acts. *See, e.g., Lundrigan v. Maine Labor Relations Board,* 482 A.2d 834, 836 (Me.1984); *M.S.A.D. No. 43 Teachers' Ass'n v. M.S.A.D. No. 43 Bd. of Directors,* 432 A.2d 395, 398 n. 6 (Me.1981). In *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), the United States Supreme Court held that "individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by the employer and union" before seeking direct legal redress. *Id.* at 652, 85 S.Ct. at 616. In *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Court, in determining the rights of an employee pursuant to a collective bargaining agreement with language similar to Step 5 of Article 14(C) in the agreement between the University and AFUM, fully reexamined the requirement of *Republic Steel.* The Court accepted the proposition that a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory manner, but rejected the proposition that the individual employee has an absolute right to have a grievance taken to arbitration without regard to the applicable provisions of the collective bargaining agreement. *Id.* at 191, 87 S.Ct. at 917.

The Court recognized two situations, however, when an employee could obtain judicial review of a claim against an employer in the face of a defense based upon failure to exhaust contractual remedies. One, when "the conduct of the employer amounts to a repudiation of those contractual procedures," and the second when "the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and if* ... the [employee] has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Id.* at 185, 87 S.Ct. at 914. The Court defined a "wrongful" refusal as a breach of the union's duty to fairly represent the employee. *Id.* at 186, 87 S.Ct. at 914. The Court explained that a breach occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190, 87 S.Ct. at 916.

In narrowly defining the circumstances in which an employee may seek judicial review before exhausting his remedies provided in the collective bargaining agreement, the Court reasoned:

In providing for a grievance and arbitration procedure which gives the union discretion to supervise the grievance machinery and to invoke arbitration, the employer and the union contemplate that each will endeavor in good faith to settle grievances short of arbitration. Through this settlement process, frivolous grievances are ended prior to the most costly and time-consuming step in the grievance procedures. Moreover, both sides are assured that similar complaints will be treated consistently, and major problem areas in the interpretation of the collective bargaining contract can be isolated and perhaps resolved. And finally, the settlement process furthers the interest of the union as statutory agent and as coauthor of the bargaining agreement in representing the employees in the enforcement of that agreement.

*Vaca,* 386 U.S. at 191, 87 S.Ct. at 917. *See also Williams v. Sea–Land Corp.,* 844 F.2d 17 (1st Cir.1988) (when union settled employee's complaint against employer for wrongful discharge short of arbitration, union's refusal to file grievance not breach of fair representation and employee could not maintain action against employer and union); *Smegal v. Gateway Foods of Minneapolis, Inc.,* 763 F.2d 354, 359 (8th Cir.1985) (only if exhaustion of contractual remedies precluded by union's breach of duty of fair representation can this obligation be by-passed); *Slagley v. Illinois Central Railroad Co.,* 397 F.2d 546, 551–52 (7th Cir.1986) (employee attempting to enforce collective bargaining agreement

must allege attempts to utilize contract grievance procedure thwarted by union conduct constituting breach of duty of fair representation).

In the instant case, Hughes makes no claim that the conduct of the University amounted to a repudiation of the contractual grievance procedures or that AFUM wrongfully, arbitrarily, in bad faith or in violation of any statutory duty breached its contract with him by refusing to pursue to arbitration his claim against the University. Accordingly, the Superior Court properly determined that the District Court erred in denying the University's motion to dismiss Hughes's claim against the University.

The entry is:

Judgment affirmed.

All concurring.