2002 ME 32

**Troy A. LANGLEY**

v.

**MAINE STATE EMPLOYEES ASSOCIATION, SEIU Local 1989 et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 5, 2002.
Decided: Feb. 22, 2002.

Diane A. Khiel, Esq. (orally), Orono, for plaintiff.

Timothy L. Belcher, Esq. (orally), Maine State Employees Assn., Augusta, Lisa Copenhaver, Esq. (orally), Maine Labor Relations Board, Augusta, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

SAUFLEY, C.J.

[¶ 1] Troy A. Langley appeals from the judgment of the Superior Court (Kennebec County, *Studstrup, J.*) affirming the decision of the Maine Labor Relations Board finding that the Maine State Employees Association did not violate its duty of fair

representation. Langley argues that the Board improperly applied the legal standard to the facts of this case. We affirm the judgment of the Superior Court.

## I. BACKGROUND

[¶ 2] Langley began working for the Department of Transportation in December 1997. He generally used sick time and vacation time as it accrued. In 1999, Langley began having difficulty in his home life and began taking more time off from work, including unpaid administrative leave.

[¶ 3] Following an incident in which Langley discharged a firearm while he was in his truck and his estranged wife was next to the truck, he was charged with criminal threatening and released on bail on the condition that he have no contact with his wife. Langley returned to work and informed his supervisors that he may have to serve time in jail. Langley continued to miss time from work and his supervisors met with him to discuss his attendance problem.

[¶ 4] In June 1999, Langley was arrested for violating the bail condition prohibiting contact with his wife. He pled guilty to charges of assault and violating a bail condition and he was sentenced to, among other things, a ninety-day period of incarceration. The sentencing judge signed a work release form and granted a six-day stay in sentencing to provide Langley an opportunity to make the necessary arrangements with the Sheriff's Department for a work release.

[¶ 5] After sentencing, Langley informed his supervisor that he had received a jail sentence but that he could work while in jail. Langley apparently did not understand the work release process and failed to complete the necessary steps to secure work release prior to the date he began serving his sentence. In his final week at work, Langley requested a leave of absence, which was denied. The Department of Transportation has a policy of denying requests for unpaid leaves of absence to cover periods of incarceration.

[¶ 6] After his request for a leave of absence was denied, Langley approached an MSEA representative. The representative spoke with Langley's supervisor and was informed that Langley was not a particularly good employee, that he did not have any time available to use during the incarceration, and that Langley had used his vacation time and sick leave as soon as he earned it. The MSEA representative reviewed Langley's time records and then called Langley to inform him that there was nothing he could do. The representative did not offer to file a grievance or tell Langley about the possibility of filing a grievance on his own, and Langley never asked for a grievance to be filed. The MSEA has a policy of not pursuing frivolous grievances.

[¶ 7] Three days after Langley started serving his sentence, he was terminated in accordance with the Department of Transportation's established personnel policy.[1] After being released from jail, Langley filed a complaint with the Maine Labor Relations Board alleging that the MSEA violated 26 M.R.S.A. § 979–C(2)(A) (1988 & Supp.2001) by breaching its duty of fair representation. Following a hearing, the Board concluded that the union did not violate its duty of fair representation. The Superior Court affirmed the Board's decision. This appeal was filed pursuant to 26 M.R.S.A. § 979–H(7) and M.R.App. P. 80C.

---

1. Both the MSEA and the Department viewed such terminations as nondisciplinary, and thus not subject to termination hearing requirements.

## II. DISCUSSION

### A. Standard of Review

 [¶ 8] We review the Board's decision directly for an abuse of discretion, an error of law, or findings not supported by the evidence. *Biddeford Bd. of Educ. v. Biddeford Teachers Ass'n,* 1997 ME 17, ¶ 7, 688 A.2d 922, 925. Here, Langley does not challenge the Board's factual findings, but asserts that the Board erred in its application of the law. The Board is accorded considerable deference in construing the statutes it is charged with enforcing. *Minot Sch. Comm. v. Minot Ed. Ass'n,* 1998 ME 211, ¶ 6, 717 A.2d 372, 375.

### B. Board's Decision

[¶ 9] Langley argued before the Board that the MSEA's failure to file a grievance or to inform Langley of the process for doing so was arbitrary, and therefore a violation of the duty of fair representation. The Board applied to Langley's claim the standard enunciated by the United States Supreme Court in *Air Line Pilots Ass'n Int'l v. O'Neill,* 499 U.S. 65, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). "[A] union's actions are arbitrary only if in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' ... as to be irrational." *O'Neill,* 499 U.S. at 67, 111 S.Ct. 1127. Langley does not challenge the Board's adoption of this standard, but rather contends that the Board misapplied it, thereby setting an unattainable standard for union members seeking to prove a breach of the duty of fair representation.

[¶ 10] We find no error in the Board's application of the law. The Board adopted an approach requiring a finding that the MSEA's actions were irrational. After holding a hearing, the Board found that the union's decision not to file a grievance was not irrational. This finding is amply supported by the facts in the record. Langley had used his vacation time and sick leave as it accrued. He had already taken a number of days of unpaid leave. Langley was fired for being absent from work for three or more days while serving his sentence at the county jail. The Department of Transportation was not required by contract to extend unpaid leave to jailed employees and had maintained a policy of declining to offer unpaid leave to cover periods of incarceration. Under these circumstances, the MSEA representative concluded that a grievance would lack merit. These facts support the Board's finding that the MSEA did not act irrationally.

The entry is:

Judgment affirmed.