STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-64

P?; - /OK- 1/31/2003

YORK COUNTY,

Petitioner

v.

MAINE LABOR RELATIONS BOARD
and TEAMSTERS UNION LOCAL 340,

Respondents

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

FEB 5 2003

York County has appealed from a decision and order on unit determination appeal of the Maine Labor Relations Board. The Board decided that a bargaining unit composed of the four captains in the York County Sheriff's Department could be represented by the same union, Teamsters Union Local 340, that represents other employees at the Sheriff's departments through different bargaining units. Based on the Board's ruling the captains would be represented by the same union, though in a different bargaining unit, as the people that they supervise. The County does not contest the captains right to be represented by a union and does not contest either their being placed together in a bargaining unit or there being in a separate unit from other employees. The County has argued before the Board and now before this Court that the captains can join a union but it has to be a different one from the one chosen by the other employees.

In 1983 the Board was asked the same question in the case of the *Town of Kittery v. Teamsters Local Union No. 48*, Case No. 83-A-02. In that case the three member board unanimously found that a union may be the bargaining agent for both "rank-and-file

and the supervisory employees of the same public employer", see page 2 of the Board's decision. When this case was presented to the Board in September of 2002 it reached the same decision, again unanimously.

The Law Court has just reaffirmed its long held position regarding judicial review of a state agency's interpretation of a statute that is both administered by the agency and within its expertise. In *Competitive Energy Services, LLC v. Public Utilities Commission*, 2003 ME 12, ¶15 (January 30, 2003) the Law Court stated, "First, we determined de novo whether the statute is ambiguous or unambiguous.... Then we either review the Commission's construction of the ambiguous statute for reasonableness or plainly construe the unambiguous statute.... An agency's interpretation of an ambiguous statute it administers is reviewed with great deference and will be upheld unless the statute plainly compels a contrary result". Also see *Langley v. Maine State Employees Association, SEIU*, 2002 ME 32, ¶8, 791 A.2d 100, 102.

My review of the Maine statutes does not suggest an ambiguity and requires me to "plainly construe the unambiguous statute." The Board relied on several provisions of the Municipal Public Employees Labor Relations Law (Act), 26 M.R.S.A. §§961-et seq., in reaching its conclusion that the same union may represent the bargaining units for both supervisors and subordinates.

The first section of the Act, 26 M.R.S.A. §961, is entitled "Purpose" and states

It is declared to be the public policy of this State and it is the purpose of this chapter to promote the improvement of the relationship between public employers and their employees by providing a uniform basis for recognizing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in collective bargaining for terms and conditions of employment.

Likewise, 26 M.R.S.A. §963 entitled "Right of public employees to join labor organizations" indicates, at page 353,

2

> No one shall directly or indirectly interfere with, intimidate, restrain, coerce or discriminate against public employees or a group of public employees in the free exercise of their rights, hereby given, voluntarily to join, form and participate in the activities of organizations of their own choosing for the purposes of representation and collective bargaining, or in the free exercise of any other right under this chapter.

Both sections refer to labor organizations "of their own choosing." There is no statutory provision, which could have been in the Act initially or added to it through a subsequent amendment, that qualifies or restates the language to read "of their own choosing unless their subordinates have chosen the same labor organization." I am required to read the statutes as they are written, not as they could have or, from the County's view, should have been written.

The next statutory section relied upon by the Board is 26 M.R.S.A. §966(1) governing bargaining units. This statute deals with issues of the appropriateness of a unit for collective bargaining purposes and whether a supervisory position can be included in a bargaining unit. It does not appear from the statute that a supervisory position would of necessity have to be excluded from the bargaining unit. If a supervisor could be in the same unit it follows that a supervisor could, perhaps even more easily, be in the same union. More importantly there is nothing in the text of Section 966(1) that suggests that the members of a bargaining unit composed of supervisors has to be in a separate union.

The fourth statutory reference by the Board is to 26 M.R.S.A. §967(2) governing elections. While this statute is not central to my analysis, the Board is correct that the executive director of the Board is to certify the organization that receives a majority of the votes cast as the bargaining agent. The Board is correct that the statute does not require the Board to examine whether the winning bargaining agent also represents other employees of the public employer.

The final statutory section cited by the Board is 26 M.R.S.A. §966(4)(E) which states that, "a bargaining unit composed of a majority of supervisors may not merge under this subsection with any other bargaining unit." If the supervisors could not be in the same union as the subordinate employees then there would be no need for this legislative provision.

The statutes are not ambiguous. If they were the result would be the same as the Board's interpretation of these statutes, which it administers and which are within its expertise, has been consistent for two decades. Great deference would be given to these interpretations, as the statutes do not plainly compel a different result.

The County has ably briefed and argued its case. Maine has chosen a different path, perhaps the one less traveled by, than did the federal government or some other states. It is not for the Superior Court to decide these questions of policy. The Board was fully correct in its analysis of and interpretation of the Act. A review of the entire Act as a whole would also support the decision of the Board.

The entry is:

Decision and Order on Unit Determination Appeal of September 27, 2002 of the Maine Labor Relations Board is affirmed.


Dated:        January 31, 2003

PETITIONER:
TIMOTHY J O'BRIEN ESQ
VERRILL & DANA
PO BOX 147
KENNEBUNK ME   04043-0147

RESPONDENT MAINE LABOR RELATIONS BOARD
LISA COPENHAVER AAG
6 STATE HOUSE STATION
AUGUSTA ME   04333-0006

Paul A. Fritzsche
Justice, Superior Court

RESPONDENT TEAMSTERS UNION LOCAL 340
HOWART T REBEN ESQ
PO BOX 7060
PORTLAND ME   04112-7060