STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-278
RAC-CUM-12/17/2012

SHARON LE BLANC,
    Plaintiff

    v.

ORDER ON MOTION TO
DISMISS



MAINE SCHOOL ADMINISTRATIVE
DISTRICT #61,
    Defendant

Pursuant to Maine Rule of Civil Procedure 12(b)(6), Defendant Maine School

Administrative District #61 moves to dismiss Plaintiff Sharon Le Blanc's "Motion to

Compel Enforcement" of the collective bargaining agreement between the District and

the Lake Region Educational Support Personnel Association.

BACKGROUND

The following facts are contained in Plaintiff's "Motion to Compel Enforcement

of Collective Bargaining Agreement" (the complaint).[1] Plaintiff Sharon Le Blanc (Ms.

Le Blanc) was employed as an educational support technician in Maine School

Administrative District #61 (the District) between July 1, 2008 and June 30, 2011.

(Compl. ¶¶ 1-2.) As such, she was a member of the Lake Region Educational Support

Personnel Association (the Association). (Compl. ¶ 2.) At all relevant times, the District

---

[1] The District argues that the captioning violates Maine Rules of Civil Procedure 3 and 7(a), which require the filing of a "complaint" in order to commence a civil action. However, the Court construes the "motion" as an initial complaint given its purpose and function. Construing the action as one for breach of contract, the allegation therein is Blanc a Level Three Board hearing concerning the termination decision.

1

and the Association were bound by a collective bargaining agreement (the CBA), which laid out, among other things, certain "grievance procedures." (Compl. ¶ 3; Ex. A.)

In May 2011, Ms. Le Blanc became aware that there was a disciplinary matter against her pending before the District's Superintendent, Patrick Phillips. (Compl. ¶¶ 4-5.) Ms. Le Blanc retained Attorney Glen Niemy to represent her. (Compl. ¶ 5.) On June 20, 2011, Ms. Le Blanc and Attorney Niemy met with Superintendent Phillips. (Compl. ¶ 7.) Ms. Le Blanc alleges that Superintendent Phillips did not issue a formal decision, but, rather, informed her that he was "leaning toward" dismissing her. (Compl. ¶ 8.) On June 30, 2011, Superintendent Phillips left his post with the District. (Compl. ¶ 10.)

On July 18, 2011, Acting Superintendent Katherine Beecher sent a letter to Attorney Niemy that explained the basis for the termination. According to the Complaint, this was the first time Attorney Niemy was informed of the District's decision to terminate his client. (Compl. ¶ 11; Ex. C.) That letter stated: "If we receive notice of a grievance on behalf of Ms. LeBlanc and a request for a meeting with the School Board, we will send you the names of any witnesses that may appear with the District administration." (Ex. C.)

The next day, on July 19, 2011, Attorney Niemy sent a letter to Board Chairwoman Jody Gray and indicated his intent to appeal the Superintendent's decision terminating Ms. Le Blanc's employment to the Board of Directors (the Board). (Compl. ¶ 12; Ex. B.) On December 13, 2011, counsel for the District sent Ms. Le Blanc a letter she construes as the District's "formal refusal" to grant her a hearing before the Board.[2]

---

[2] This letter states that her July 19 request for review was untimely, and, to the extent that she sought review by the *Board*, she should have sought review by the *Superintendent*.

(Compl. ¶ 13; Ex. D.) Ms. Le Blanc complains that she is entitled to review by the Board pursuant to the grievance procedures in section 6.4 of the CBA.

Under the CBA, a grievance is defined as "a claim by an employee, employees or Association that there has been a violation of any express provision in this Agreement." CBA § 6.4(B)(1). Section 6.4 includes four levels of formal grievance procedure. At Level One, the grievant may present her claim before the school principal. At Level Two, a grievant dissatisfied with the principal's decision may file the grievance with the Superintendent. The Superintendent shall meet with the employee and render a written decision within 5 days of meeting. At Level Three, a grievant dissatisfied with the Superintendent's decision may appeal to the Board of Directors within 5 days of the Superintendent's response. At Level Four: "Any grievance which has been deemed meritorious by the Association may be appealed to arbitration by the Association within fifteen (15) days of the Board's response by serving written notice of its intent to appeal on the Board."

Article 6 establishes that no employee shall be discharged without "just cause." CBA § 6.1(A). A grievance pertaining to employee rights or grievance procedures may be initiated at Level Two with the Superintendent. CBA § 6.1(D).

Here, Ms. Le Blanc claims that she was entitled to appeal the Superintendent's termination decision – which she alleges was contained in the July 18 letter – to the Board pursuant to Level Three of the CBA. Ms. Le Blanc filed the current complaint on June 21, 2012, which asked the Court to order the District to comply with the CBA. In

---

(Ex. D). The letter also references communications of August 24, 2011 and October 13, 2011 where counsel for the District earlier refused to allow review by the Board.

3

the current motion to dismiss, however, the District presents the preliminary issue of whether the Superior Court even has authority to reach the merits at this stage.

MOTION TO DISMISS STANDARD

When deciding a motion to dismiss, the court must assess the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43. As part of this determination, the court may consider "documents that are central to the plaintiff's claim, and documents referred to in the complaint" without converting the motion into one for summary judgment. *Id.* ¶ 10. In this case, the complaint contained the CBA and the correspondence referenced above, all of which is central to Ms. Le Blanc's claim.

There may very well be genuine disputes as to the nature of certain communications – specifically, when Ms. Le Blanc learned of her termination and when she or Attorney Niemy learned that the Board refused to hear her appeal – but the Court at this stage takes the dates and facts in the complaint as true.

DISCUSSION

It is unclear from the CBA exactly how an employee is meant to appeal a disciplinary decision rendered by the Superintendent on the merits. However, the initial question presented by the motion to dismiss is whether this Court has authority to interpret the CBA to determine the correct appeals process, or whether this determination must also be accomplished through the Article 6 grievance procedures.

4

The District argues in its motion that the grievance procedures, which conclude with Level Four binding arbitration, are the exclusive mechanism by which Ms. Le Blanc may contest the District's refusal to grant her a Board hearing. "This is an allegation of breach of contract, for which the exclusive remedy is arbitration, and the motion must be dismissed on that basis." (Mot. Dismiss 4.) The District's position appears to be that Ms. Le Blanc should have initiated a *new grievance* with the Superintendent (skipping Level One due to § 6.1(D)). Presumably, this grievance would concern whether, under the CBA, the Board was compelled to hear the merits of the termination decision.

Arguably, Ms. Le Blanc's complaint is a separate "grievance" under § 6.4(B)(1) because it is a claim by an employee that "there has been a violation of [an] express provision of [the CBA]" (i.e., the Board's refusal violates the four step grievance procedures of the CBA). Therefore, Ms. Le Blanc failed to exhaust her contractual remedies at the time she filed suit in this Court. However, the Law Court has recognized certain limited situations where an employee may obtain direct judicial review of a claim against an employer, even when she is bound by contractual grievance procedures up to and including arbitration. *Hughes v. Univ. of Me.*, 652 A.2d 97, 99 (Me. 1995) (citing *Vaca v. Sipes*, 386 U.S. 171, 185 (1967)). One such situation arises when "the conduct of the employer amounts to a repudiation of [the] contractual procedures" that would otherwise be required. *Id.* "In such a situation . . . the employer is estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action." *Vaca*, 386 U.S. at 185.

Here, the District unequivocally denied Ms. Le Blanc's ability to obtain review of the termination decision by rejecting the appeal. The December 13 letter is evidence of

5

this repudiation. It would be illogical to require Ms. Le Blanc to re-initiate the grievance process through the same channels that had just rejected her appeal. Obviously, the parties differ as to whether the Board's reasons for denying the appeal were sound, and the Court does not evaluate these at this stage. The issue remains open as to whether Ms. Le Blanc's July 19 Board appeal was the proper course and whether it was timely. The Court holds only that it has authority to interpret the CBA in order to ultimately determine the correct process for an employee to appeal a disciplinary decision rendered by the Superintendent.

The District has also raised a standing issue in general terms, based on the fact that the Association is not a plaintiff in the suit. The Court will not decide standing at this point, but directs Ms. Le Blanc to move for leave to amend her complaint in proper conformance with Rule 15, if that is her intent, within 10 days of the date of this order.

The entry will be:

The Court DENIES the Defendant's motion to dismiss. Plaintiff has 10 days from the date of this order to file a motion for leave to amend her complaint, if that is her intent.

_December 14, 2012_
DATE

_____
SUPERIOR COURT JUSTICE

6

| prod/1.3.1b13/prd11 | MAINE JUDICIAL INFORMATION SYSTEM | 12/17/2012 | gmerritt |
|---|---|---|---|
| | CUMBERLAND COUNTY SUPERIOR COURT | | mjxxi013 |
| | PAGE A - ATTORNEY BY CASE VIEW | | |

SHARON LE BLANC VS MAINE ADMINISTRATIVE SCHOOL DISTRICT 61
UTN:AOCSsr  -2012-0059141                           CASE #:PORSC-CV-2012-00278

-----------------------------------------------------------------------------

SEL VD                                  REPRESENTATION TYPE      DATE

01 0000000829 ATTORNEY:NIEMY, GLEN
ADDR:PO BOX 764 BRIDGTON ME 04009
   F FOR:SHARON LE BLANC                        PL          RTND   06/21/2012

02 0000002987 ATTORNEY:SMITH, BRUCE
ADDR:84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480
   F FOR:MAINE ADMINISTRATIVE SCHOOL DISTRICT 61  DEF        RTND   06/18/2012

03 0000004751 ATTORNEY:MILLER, ELEK A
ADDR:84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480
   F      MAINE ADMINISTRATIVE SCHOOL DISTRICT 61  DEF        RTND   06/18/2012