MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 130
Docket:      Ken-18-64
Argued:      September 12, 2018
Decided:     September 25, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

DAVID TRASK

v.

FRATERNAL ORDER OF POLICE et al.

SAUFLEY, CJ.

[¶1]  As a result of a serious budget shortfall, the Town of Madison eliminated its police department and entered into a contract with the Somerset County Sheriff's Office for the provision of law enforcement services.[1]  David Trask, a member of Madison's former police department,  appeals from a judgment of the Superior Court (Kennebec County, *Stokes, J.*) affirming a decision of the Maine Labor Relations Board[2] in favor of the Fraternal Order of

---

[1] The assessed value of the Madison Paper Industries mill—previously the largest taxpayer in the Town—dropped from $230 million to $80 million, causing a substantial decrease in tax revenue for the town.

[2] Citing to *State v. Maine Labor Relations Board*, 413 A.2d 510, 513 (Me. 1980), and *Bangor Water District v. Maine Labor Relations Board*, 427 A.2d 973, 974 n.1 (Me. 1981), the court granted the Board's unopposed motion to participate as a party, though it did not conclude that the Board was a necessary or indispensable party.  Because neither Trask nor the Union challenged the order authorizing the Board's participation, we do not review the court's determination of the Board's party status. *See Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 38, 16 A.3d 137.  As we indicated in the primary case cited by the court, however, we do not intend that the Board "should routinely elect to take an

Police (the Union) on Trask's prohibited practice complaint alleging a breach of the duty of fair representation by the Union in its negotiations with the Town. We affirm the judgment.

[¶2]  A union's duty of fair representation is not specifically described in the applicable statutes, nor does a breach of that duty sound in negligence.  *See* 26 M.R.S. §§ 964(2)(A), 968(5)(C) (2017); *Brown v. Me. State Emps. Ass'n*, 1997 ME 24, ¶ 7, 690 A.2d 956.  Rather, the duty originated in the 1940s in federal jurisprudence through "a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act and was soon extended to unions certified under the [National Labor Relations Act]." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citations omitted).  The Supreme Court has explained a union's responsibility as follows: "the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  *Air Line Pilots Ass'n,*

---

active part in every review proceeding" but instead encourage its involvement when "the presence of the Board insures that the broad public interest, which may differ from the interests of the particular public employer, will be adequately represented." *State v. Me. Labor Relations Bd.*, 413 A.2d at 513.

*Int'l v. O'Neill*, 499 U.S. 65, 76 (1991) (quotation marks omitted); *see Brown*, 1997 ME 24, ¶ 7, 690 A.2d 956.

[¶3]  Here, Trask does not argue that the Union failed to act in good faith or that it acted discriminatorily toward him.  He contends only that the Union acted arbitrarily in handling collective bargaining over the impact of the Town of Madison's elimination of its police department.

[¶4]  Trask had the burden of proving the prohibited practice by a preponderance of the evidence.  *See* 26 M.R.S. § 968(5)(C).  To meet his burden and demonstrate that the Union's conduct was arbitrary, Trask had to prove that, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior [wa]s so far outside a wide range of reasonableness . . . as to be irrational."  *Langley v. Me. State Emps. Ass'n, SEIU Local 1989*, 2002 ME 32, ¶ 9, 791 A.2d 100 (quotation marks omitted).

[¶5]  The Board determined that Trask failed to meet his burden of proof, and we will affirm its decision unless the record "compels a contrary conclusion to the exclusion of any other inference."  *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676 (quotation marks omitted).

[¶6]  The facts found by the Board were supported by substantial evidence in the administrative record.  *See City of Bangor v. Me. Labor Relations*

*Bd.*, 658 A.2d 669, 671 (Me. 1995). In the context of the severe municipal budget crisis experienced by the Town of Madison, both the Town and the Union were making decisions and negotiating in uncharted territory. The record before us does not compel a determination that the actions of the Union and its representatives were so outside a wide range of reasonableness as to be irrational. *See Kelley*, 2009 ME 27, ¶ 16, 967 A.2d 676; *Langley*, 2002 ME 32, ¶ 9, 791 A.2d 100.

The entry is:

Judgment affirmed.

---

Robert E. Sandy, Jr., Esq. (orally), Sherman & Sandy, Waterville, for appellant David Trask

Lisa Copenhaver, Esq. (orally), Maine Labor Relations Board, Augusta, for appellee Maine Labor Relations Board

Benjamin K. Grant, Esq. (orally), McTeague Higbee, Topsham, for appellee Fraternal Order of Police

Kennebec County Superior Court docket number AP-2017-29
FOR CLERK REFERENCE ONLY