STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. AP-18-67

JEFFREY L. MACOMBER

        Petitioner,

                                                  **ORDER DENYING PETITION FOR 80C**
v.                                                **REVIEW**

MAINE STATE EMPLOYEES
ASSOCIATION, SEIU LOCAL 1989

        Respondent.

Before the court is petitioner Jeffrey Macomber's 80C petition for review of the Executive Director of the Maine Labor Relation Board's dismissal of Macomber's Prohibited Practice Complaint. Petitioner is represented by Attorney Eugene Sullivan. Respondent Maine State Employees Union is represented by Attorney Thomas Feeley. Oral argument was held on August 6, 2019. For the following reasons, the 80C petition is denied.

**Background**

On May 24, 2018, Macomber filed a prohibited practice complaint with the Maine Labor Relations Board ("MLRB"). (R. 1.) The complaint sought review of the Maine State Employee's Association's (the "Union's") handling of a grievance Macomber filed which ended with an arbitration decision adverse to Macomber. (R. 1-3.) On June 14, 2018, the Executive Director of the MLRB, Marc Ayotte, sent Macomber a notice of insufficiencies stating that Macomber's complaint failed to allege facts which would support a finding that the Union violated its duty of fair representation while handling Macomber's grievance arbitration. (R. 124.) The Letter gave Macomber fifteen days to file an amended complaint. (R. 124.)

1

On June 28, 2018, Macomber filed an amended complaint. (R. 130-135.) On July 12, 2018, the Executive Director once again found that Macomber's amended complaint did not allege facts which would support a finding that the Union violated its duty of fair representation. (R. 136-138.) In light of this finding, the Executive Director dismissed Macomber's prohibited practice complaint.[1] (R. 138.) On July 25, 2018, Macomber filed an appeal of the dismissal with the Labor Relation's Board. (R. 139-142.) On September 28, 2018, the Board affirmed the Executive Director's dismissal. (R. 143-151.)

On October 15, 2018, Macomber timely filed this 80C petition for review of final agency action.

**Standard of Review**

The Court reviews the Board's decision for an abuse of discretion, error of law, or findings not supported by the evidence. *Langley v. Me. State Emples. Ass'n, SEIU Local 1989*, 2002 ME 32, ¶ 8, 791 A.2d 100. As the party seeking to vacate the Board's decision, Macomber bears the burden of persuasion. *See Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676.

**Discussion**

The Law Court has described the duty of fair representation which the MSEA owes its members as follows:

> The MSEA has a statutory duty to represent employees fairly in its enforcement of the collective bargaining agreement. To constitute a breach of the duty of fair representation, the union's conduct toward its members must be arbitrary, discriminatory or in bad faith. Thus, the union may not ignore a meritorious grievance or process it in a perfunctory manner. Nevertheless, a wide range of reasonableness must be allowed and mere negligence, poor judgment or ineptitude are insufficient to establish a breach of the duty of fair representation.

---

[1] The Executive Director of the MLRB has been granted the authority to review a prohibited practice complaint and to dismiss that complaint if he determines that the facts alleged in the complaint do not, as a matter of law, constitute a violation. 26 M.R.S. § 979-H(2). Such a dismissal is subject to review by the Labor Relations Board. *Id.*

2

*Lundrigan v. Me. Labor Relations Bd.*, 482 A.2d 834, 836 (Me. 1984) (citations and quotations omitted); *see also Brown v. Me. State Emples. Ass'n*, 1997 ME 24, ¶ 7, 690 A.2d 956. A union's conduct is arbitrary if "in light of the factual and legal landscape at the time of the union's actions, the union's behavior was so far outside a wide range of reasonableness as to be irrational." *Trask v. FOP*, 2018 ME 130, ¶ 4, 194 A.3d 46 (quotation omitted).

In this case, Macomber argues that the Board erred in its application of the law. (Pet'r Br. at 1.) The court therefore reviews the Board's decision for an error of law. *See Lundrigan*, 482 A.2d at 836. However, the Board's decision is accorded considerable deference. *Id.; Langley*, 2002 ME 32, ¶ 8, 791 A.2d 100; *SAD 3 Educ. Ass'n v. RSU 3 Bd. of Dirs.*, 2018 ME 29, ¶ 14, 180 A.3d 125.

In his petition for 80C review, Macomber alleges that the MSEA violated its duty of fair representation by failing to include a seniority article in its demand for grievance arbitration.[2] Macomber argues that this failure goes beyond "mere negligence" and constitutes arbitrary and irrational conduct because the Union had previously made the same omission before the same arbitrator. Macomber asserts that the Union should have been aware of the necessity of including the seniority article because of a July 14, 2016 arbitration decision which found that the Union's failure to include a non-discrimination article in its demand for arbitration precluded any analysis of the Union's discrimination claim.

Perhaps, Macomber's argument would carry more persuasive weight if the arbitration decision Macomber relies upon had been issued prior to the June 1, 2015 date on which the Union

---

[2] Neither the demand for arbitration nor the resulting arbitration decision are in the record. However, Macomber alleges in his prohibited practice complaint that the Arbitrator found the Union had failed to include the seniority article in its demand for arbitration. (R. 5.) Although the complaint does not expressly allege that this failure was fatal to Macomber's grievance, both the Executive Director and the Labor Relations Board inferred from the complaint that this failure was both determinative of the Arbitrator's decision and resulted in a decision adverse to Macomber. (R. 137, 145.)

3

made its demand for arbitration in Macomber's case. However, even if this were so, the court is not wholly persuaded that the allegations in Macomber's prohibited practice complaint are sufficient to state a claim for breach of the Union's duty of fair representation. This is because Macomber's argument essentially reduces to the contention that Union's failure to appreciate the significance of a decision issued by the same arbitrator in a different case amounts to arbitrary and irrational conduct in the course of the Union's representation of Macomber in his case. While such a failure may amount to negligence, poor judgment, or ineptitude, the court does not believe that it would be sufficient to establish a breach of the duty of fair representation. *See Lundrigan*, 482 A.2d at 836; *Trask*, 2018 ME 130, ¶ 4, 194 A.3d 46. Consequently, the court does not discern any error in the decision of the Maine Labor Relations Board affirming the Executive Director's dismissal of Macomber's prohibited practice complaint.

The entry is

Petitioner's 80C Petition for Review is DENIED. The Decision
of the Maine Labor Relations Board is AFFIRMED.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ.
P. 79(a).

Date: 10/1/19

_____
Justice, Superior Court

4