Sharon L. FORBIS, Plaintiff

v.

CITY OF PORTLAND,
et al., Defendants

No. CIV. 02–135–P–H.

United States District Court,
D. Maine.

June 30, 2003.

Daniel G. Lilley, Esq., Christian C. Foster, Esq., Daniel G. Lilley Law Offices,

P.A., Portland, for Sharon L. Forbis, Plaintiff.

Mark E. Dunlap, Esq., Norman, Hanson & DeTroy, Michael A. Cunniff, Esq., McCloskey, Mina & Cunniff, LLC, Portland, for City of Portland, Portland Police Department, Michael Chitwood, individually and as an employee of the Portland Police Department, Wayne McGinty, individually and as an employee of the Portland Police Department, Robin A Gauvin, individually and as an employee of the Portland Police Department, Richard R Vogel, individually and as an employee of the Portland Police Department, Defendants.

### ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

The United States Magistrate Judge filed with the court on May 29, 2003, with copies to counsel, his Memorandum Decision on Motions to Exclude Testimony, to Strike, and for Leave to File Additions to Statement of Material Facts and Recommended Decision on Defendants' Motions for Summary Judgment. (Docket No. 43) Objections to the Recommended Decision were filed by the defendants City of Portland, Portland Police Department and Portland Police Chief Michael Chitwood (the "City defendants") on June 9, 2003, and by the plaintiff on June 10, 2003. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, with some exceptions, and determine that no further proceeding is necessary.

■ I GRANT summary judgment to the City defendants on the plaintiff's "failure to train" theory of liability. As the Magistrate Judge recognized, "[t]he liability criteria for failure to train cases are exceptionally stringent." Rec. Dec. at 42 (quoting *Hayden v. Grayson*, 134 F.3d 449, 456 (1st Cir.1998) (citation and internal quotation marks omitted)). *Canton v. Harris* sets the standard: failure to train can be the basis for section 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *Id.* at 389, 109 S.Ct. 1197. "[M]erely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible" is insufficient. *Id.* "But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390, 109 S.Ct. 1197. "It could also be that the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need." *Id.* at n. 10. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), not a failure to train case, elaborated further on what might be enough. As the Magistrate Judge quoted:

Existence of a [training] "program" makes proof of fault and causation at least possible in an inadequate training case. If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. In addition, the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the "moving force" behind the plaintiff's injury.

*Id.* at 407–08 (citations omitted).

■ Those are the standards. Here, the evidence of deliberate indifference is primarily jury verdicts or settlements in a handful of excessive force cases and an ensuing police department request for review by the U.S. Department of Justice. But all of these occurred *after* the incident that is the premise for this lawsuit. To be sure, the underlying events that gave rise to the jury verdicts occurred before the incident involving this plaintiff, and thus may help to establish causation under the final sentence of the *Bryan County* quotation. But the plaintiff has not provided summary judgment evidence that the police chief or other municipal policymakers knew or should have known (the liability standard from the *Bryan County* quotation) before her incident that officers were misbehaving to a degree that failure to institute excessive force training after those earlier events but before the plaintiff's incident showed deliberate indifference.[1]

■ As the Magistrate Judge observed, the plaintiff has a separate basis for her claim against the police chief for supervisory liability: that in addition to failure to train, his particular deliberate indifference caused the officers to behave the way they did.

To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk .... [D]eliberate indifference alone does not equate with supervisory liability; a suitor must also show causation.

*Camilo–Robles v. Hoyos,* 151 F.3d 1, 7 (1st Cir.1998). "[A] sufficient causal nexus may be found if the supervisor knew of, overtly or tacitly approved of, or purposely disregarded the conduct." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 582 (1st Cir.1994). "A causal link may also be forged if there exists a known history of widespread abuse sufficient to alert a supervisor to ongoing violations. When the supervisor is on notice and fails to take

---

1. The facts were disputed in the cases that went to juries and the juries' views of the conflicting versions emerged only after this plaintiff's incident. The plaintiff tries to make much of recent preliminary findings by the United States Department of Justice. *See* Pl.'s Am. SMF (Docket No. 41). After the group of recent jury verdicts and settlements, the City and the police chief requested the Department of Justice to investigate the Portland police department's use of force, and the investigation is ongoing. The preliminary findings are of little use to the court, however, because they are not specific as to date (the issue here is what the police chief and city officers knew as of April 10, 2001) and the plaintiff has not shown how they are admissible.

corrective action, say, by better training or closer oversight, liability may attach." *Id.*

As a basis for her claim, the plaintiff cites public comments made by Chief Chitwood after April 10, 2001, his endorsement of the investigation of the plaintiff's complaint, and a parking incident in 2002 at the Portland International Jetport.[2] Pl.'s Opp'n Mem. at 9–10 (Docket No. 22). These later events are insufficient evidence of deliberate indifference, however, because they fail to establish what the police chief knew or disregarded at the time of the alleged incident involving the plaintiff, and they similarly fail to establish any causal nexus between Chief Chitwood's comments and actions and the alleged use of excessive force.

In her statement of material facts and legal memorandum in opposition to summary judgment, the plaintiff presents other, potentially more compelling, evidence of deliberate indifference. In particular, the plaintiff refers to a 1997 excessive force complaint against one of the defendant police officers. While failure to deal properly with such an incident might be persuasive evidence of deliberate indifference, the record support provided by the plaintiff is insufficient. The plaintiff cites solely to a single page in the Chitwood deposition transcript in which the police chief indicates that he is not currently familiar with that particular incident but that if there was such a complaint, it would have come across his desk. Pl.'s Add'l SMF ¶ 19 (citing Chitwood Depo. at 72) (Docket No. 23). The plaintiff cites no evidence that the complaint was actually made and fails to describe what, if any, action the police chief took in response. The plaintiff also refers to five excessive force cases brought against Portland police officers that were either tried or settled after April 2001. Pl.'s Opp'n Mem. at 7–8. Again, the plaintiff does not cite any evidence of Chief Chitwood's response to these incidents at the time the conduct and complaints occurred. These later jury verdicts and settlements cannot substitute for evidence of what the relevant actors knew or should have found out as of April 2001, however. Thus, without more,[3] the plaintiff has failed to establish a genuine issue of material fact that Chitwood was deliberately indifferent to complaints of force before this incident occurred, or that this indifference caused the police officers to use excessive force. I therefore GRANT summary judgment to the police chief on the plaintiff's deliberate indifference theory of liability.

**2.** Comments and conduct after April 10, 2001 could certainly be relevant if they referred to Chief Chitwood's knowledge or failure to act prior to the incident in question. The plaintiff has not provided any such temporal connection, however.

**3.** The plaintiff also cites the following incidents that occurred prior to April 10, 2001: a 1996 incident in which three police officers received a written reprimand for purchasing alcohol in uniform and drinking it in a marked police vehicle; a 1996 or 1997 incident in which one of the defendant police officers made a racial remark concerning two customers in a store, for which he received a written reprimand from Chitwood; and a 2001 incident that Chitwood has no knowledge of in which one of the defendant police officers allegedly used a derogatory name and expletive to refer to a woman's child. Pl.'s Add'l SMF ¶¶ 15–18, 26–31; Defs.' SMF ¶ 72 (Docket No. 14). I find that these incidents, involving inappropriate use of alcohol and words, could not reasonably establish Chief Chitwood's deliberate indifference to the use of violence by Portland police officers. I also disregard the plaintiff's citation to an August 2001 complaint concerning a defendant police officer's unprofessional conduct toward a handicapped citizen for which he was not disciplined, because it occurred after the alleged incident in this case. Pl.'s Resp. SMF ¶ 74.

■ The disposition of the federal claim controls the plaintiff's claim under the Maine Civil Rights Act, 5 M.R.S.A. § 4682, because the latter is patterned on 42 U.S.C. § 1983. *See Jenness v. Nickerson,* 637 A.2d 1152, 1158 (Me.1994); *see also Fowles v. Stearns,* 886 F.Supp. 894, 899 n. 6 (D.Me.1995).

■ I also GRANT summary judgment to the police chief on the civil conspiracy claim. In Maine, there is no separate cause of action for civil conspiracy; it is only a way of obtaining vicarious liability against someone who did not himself perform the tortious act. *Cohen v. Bowdoin,* 288 A.2d 106, 109–10 (Me.1972). The City defendants' motion asserted that there was no evidence to support the alleged conspiracy, an argument that under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), requires the plaintiff to provide evidence. The plaintiff responded with the assertion that the police chief ratified or covered up an inadequate internal affairs investigation, *see* Pl.'s Opp'n Mem. at 16, but did not cite record evidence for that assertion or demonstrate how those actions showed a civil conspiracy to engage in illegal conduct in the first place.[4]

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED IN PART. The motion of the Officer defendants for summary judgment (Docket No. 19) is GRANTED as to Counts I, IV, VII and VIII and as to those portions of Counts II and III as present claims other than those based on allegations of unlawful arrest and the use of excessive force, and otherwise is DENIED.

The motion of the City defendants for summary judgment (Docket No. 13) is GRANTED as to all Counts.[5]

So ORDERED.

---

4. Independent review of the statements of material fact suggests that the assertion probably is based upon the plaintiff's expert's inferences, *e.g.,* "Waller's opinion is that these cases are consistent with a pattern of ignoring, concealing or encouraging officer misconduct." Pl.'s Resp. SMF ¶ 56 (Docket No. 23). "The extensive, inexplicable delays and the contravention of policy in the internal affairs investigation of this matter is consistent with the cover-up of police misconduct." Pl.'s Add'l SMF ¶ 53.

The first statement is so carefully limited ("consistent with"; "or") that it cannot furnish sufficient evidence to prove an actual conspiracy to engage in excessive force. Moreover, the deposition transcript to which it cites reveals that it is based upon jury verdicts *after* the incident at issue here. The second statement is similarly insufficient as it is supported solely by citation to the investigation *after* the incident involving the plaintiff.

5. The Magistrate Judge recommended granting summary judgment to the Officer defendants on Count VII, intentional infliction of emotional distress, and it follows that the City Defendants whose liability is vicarious must receive summary judgment as well on that Count.